# CIRCUIT COURT OF BALTIMORE CITY.

Filed March 23, 1927.

### JUSTIN J. ROSENTHAL
VS.
### THE REED FIBRE PRODUCTS COMPANY, ET AL.

*Sylvan H. Lauchheimer* and *Malcolm H. Lauchheimer* for plaintiff.

*Edward L. Ward, J. Purdon Wright* and *G. W. S. Musgrave* for defendants.

STEIN, J.—

This is an amended bill for the specific enforcement of a contract made with the plaintiff by the corporate defendant; the defendants are; that body corporate; its receiver under a decree of this Court, and John G. Woelfel, a party to the contract and the controlling stockholder of the corporation.

The contract, so far as its terms are material here, is one of employment, by which the corporate defendant employed the plaintiff (for a two-year term expiring before the filing of the bill) at yearly salary of ten thousand dollars, of which $3,900 yearly were to be paid to the plaintiff in equal weekly installments; the balance credited to him on the corporate books; which balance at the end of the employment amounted to $12,200, and for which the corporate defendant agreed to issue to the plaintiff 122 shares of its authorized, but unissued shares of capital stock; by the above contract the corporation and the defendant Woelfel each jointly and severally agreed to buy these shares from the plaintiff at par for cash.

The plaintiff fully performed his part of the contract, the corporate defendant paid the two yearly sums of thirty-nine hundred dollars, credited the plaintiff with the twelve thousand two hundred dollars, but through the control of the defendant Woelfel refused to issue the one hundred and twenty-two shares of stock.

The defendants demurred generally to the amended bill because multifarious and the remedy was not in equity but at law.

John G. Woelfel is made a defendant, because under the admissions of the demurrer and of his counsel at the hearing of the demurrer to the original bill, Woelfel owns ninety per cent. of the capital stock of the defendant; is its president, controls the Board of Directors, and has used and is using his power as majority stockholder, president and controller of the Board of Directors, to keep the corporation from issuing to the plaintiff the hundred and twenty-two shares of stock to which he is entitled under the above contract, for which he has paid $12,200; and to put it absolutely and finally beyond power of the corporation to issue that stock, Woelfel filed his bill in this Court against the Corporation, praying for its dissolution and the appointment of receiver; on the assent of the corporation, a receiver was appointed, qualified, and is discharging his duties as such; and is a party defendant. No decree of dissolution has been passed in the receivership case. The bill avers, and the demurrers admit, that each of these actions of the defendant Woelfel were done in pursuance of his plan to prevent the issuing of the above 122 shares of stock, so as to defeat the plaintiff's right to recover on Woelfel's several contractual obligation to buy these shares for cash at par from the plaintiff; that such charge is true is shown, not only by the admissions of the demurrer, but by the argument of his counsel at the hearing, that the plaintiff's remedy was at law, and without the issuance of the stock, defenses to an action at law would be open to Woelfel not available in equity.

The demurrants argued that, the contract was ultra vires as to the corporation, because it was for the purchase of its own stock by a corporation. The contract provides that the corporation shall credit the plaintiff with all the unpaid portions of his salary; at the end of the two-year term of employment, 122 shares of stock at par would be issued, for sums so credited; thereby paying the corporation par and in cash for these shares. Even if the corporate contract to purchase the stock is void, yet as it and the defendant

Woelfel jointly and severally agreed to buy the stock from the plaintiff for par in cash, want of power in the corporation to buy these shares does not release Woelfel from his several liability under the contract to buy them: and does not authorize the corporation to refuse to issue these shares for which it has been fully paid; which are part of its authorized and unissued capital and force the plaintiff to prove his claim as creditor in the receivership, and to bring suit at law on the contract against Woelfel; which suit Woelfel would be able to defend by showing the plaintiff did not have and could not get the stock to deliver, so could not recover the agreed purchase price therefor.

Among the grounds in the bill for relief are: (1) That having jurisdiction to compel the issuance of shares, the Court to avoid a multiplicity of suits will decree in personam against Woelfel; (2) That, if the corporate contract to buy the stock is ultra vires, it owes the plaintiff the unpaid portion of the salary under the contract, and under the prayer for general relief a decree in personam can be had against it, which could be filed in the receivership, and share in the distribution of corporate assets.

The important question here is, has a Court of Equity jurisdiction to compel the issuing of the shares?

The defense that it has not is founded upon the long abandoned theory, first advanced by Lord Coke, in Bromage vs. Genning (1616), 1 Roll., P. 368, that: "This (specific performance) would subvert the intent of the covenantor since he intended to have his election to pay damages or make the lease."

This theory does not distinguish between the *power* to break a contract and the *right* to do so; everyone has the power to break a contract, the sound doctrine is "that in all cases each party to a contract has the *right* to have the other party to perform *in specie* and that, it is merely because the common law is defective in its machinery that it gives only damages; there is no right to break a contract and escape performance even though there happens to be the *power* to do so, because of the defective state of the common law.

Clark's Equity, Sec. 39, pp. 44 and 45.

"When the defendant is execution proof or insolvent damages are an inadequate remedy, and equity has jurisdiction."

Ibid, Sec. 45, p. 51.

The amended bill contains an averment of corporate insolvency; the receivership makes it execution proof which under the above rule gives equity jurisdiction.

In the sale of chattels ordinarily the common law remedy of damages - is adequate, i. e., where the chattel sold is readily procurable in the market, in which case (apart from the statutory change hereafter discussed) equity will not give relief.

Ibid, Sec. 44, folio 50.

Here the common law remedy in damages is not adequate, because the relief asked is not to compel the sale of any 122 shares that could be bought in open market, but to compel the delivery of the 122 shares the plaintiff bought from the corporate defendant, and paid the full price therefor, which shares are necessary for him to tender Woelfel, before the plaintiff can bring suit against him on the covenant to pay $12,200 therefor.

This is a case where the plaintiff shows some particular and peculiar need for these 122 shares *in specie*.

Clark's Equity, Sec. 57, folio 65, notes 3 and 4:

"Contracts for the sale and purchase of shares of stock in private corporations have been dealt with differently in different jurisdictions. By what is believed to be the weight of authority, however, specific performance will be denied only when there is an open market for the stock so that its value can be ascertained and so that the purchaser may be able to buy elsewhere."

Clark's Equity, Sec. 57, p. 65.

On the question of the power of the plaintiff to buy in the open market the bill avers and the demurrer admits that: (a) Woelfel owns ninety per cent. of the corporate stock issued and outstanding; (b) It is a closed corporation having as stockholders Woelfel and his associates; (c) That the stock is not listed on any exchange; there is no market in which it can be purchased; and (d) Exclusive of the Woelfel stock, less than fifty shares are outstanding; so that the corporate defendant is the only source from which these shares

580

can be had. It has been paid for them, has the power to issue them, but has been prevented from so doing by Woelfel through his power, as majority stockholder, president and controller of the directors. These averments admit there is not an open market for the stock; but if there were other shares bought in open market, will not answer the plaintiff's purpose. So that the averments of the amended bill admitted by the demurrers thereto show that the plaintiff has a case containing all the elements the above authority show necessary to give a Court of Equity jurisdiction to decree specific performance of sale of shares of stock.

Apart from the doctrines hereinbefore stated, the plaintiff can maintain this suit under Section 246 of Article 16, 1 Bagby's Code 1924, folio 531; in discussing which Chief Judge McSherry, in Neal vs. Parker, 98 Md. 254, at 270, recognized the doctrine that each party has a right to have the other party perform *in specie*, and said,

"It was doubtless the policy of the Legislature in adopting it, to do away with technical defenses to proceedings in equity instituted to compel parties to live up to their undertakings, and it was designed to preclude individuals who has entered into binding contracts from repudiating them at pleasure, by merely electing to pay such damages as a jury in an action of law might assess. As was appositely observed by the Supreme Court of the U. S. in U. P. R. C. the Chicago R. I. P. A. Co., 163 U. S. 600. It must not be forgotten that in the increasing complexities of modern business relations, equitable remedies have necessarily and steadily been enforced and no inflexible rule has been permitted to circumscribe them. As has been well said equity has contributed its remedies so that they shall correspond both to the primary right of the injured party and to the wrong by which that right has been violated, and has always preserved the element of flexibility and expansiveness so that new ones may be invented or old ones modified in order to meet the requirements of every case and to satisfy the needs of progressive, social conditions in which new primary rights are constantly arising and new kinds of wrongs are constantly committed."

It therefore appears that in addition to having jurisdiction under the authorities first hereinabove set out, a Court of Equity has the statutory jurisdiction referred to and discussed by Judge McSherry in Neal vs. Parker, supra.

As the demurrer of the receiver is to be sustained, multifariousness is not a defense of the other defendants.

The amended bill charges the defendant Woelfel with using his power as controlling stockholder, president, director, and controller of the Board of Directors, to prevent the corporate defendant from issuing the 122 shares of stock for which the plaintiff paid it $12,200, and with instituting the proceedings, resulting in a receivership for the corporation; that he did all of this not for and on behalf of the interests of the corporation, but solely to enable him to escape his contractual obligations to buy these shares when issued from the plaintiff for $12,200; and to harass or defeat the plaintiff in any suit brought to recover that sum from Woelfel, who is a party to the contract to be enforced.

All the above are facts well pleaded, are admitted by the demurrers and show that Woelfel is a proper party to these proceedings.

With the sustaining of the receiver's demurrer, the amended bill is not multifarious as to parties; is it as to remedy? The plaintiff claims he has the right to specific performance, that Woelfel is a proper party; so that "A jurisdiction once rightfully asserted by a Court of Equity and which would lead to a settlement of all questions which might arise out of the subject matter in controversy will exclude all jurisdiction over it by other Courts for similar purposes."

Kieghler vs. Ward, 8 Md. 254 at 266. Shipley vs. Fink, 102 Md. 219 at 228. Linthicum vs. W., B. & A., 124 Md. 263 at 272 and 273.

This last cited case is persuasive. It was an appeal from a decree from this Court dismissing a bill (1) for the correction of a plat part of a deed; (2) specific performance of a covenant contained in that deed; (3) in lieu thereof compensation; and (4) for general relief. The covenant to be enforced required a railroad to construct and maintain three crossings on the plaintiff's land. The defendant was not an original covenantor, but an assignee, and as such the Court of Appeals held was liable as a covenant ran with the

land. The defense, there as here, was that the remedy was at law not in equity. The Court, Stockbridge, J., said, 273:

"It has long been recognized in this State where in a proper case equitable jurisdiction has once attached will be retained to the end; to give the parties seeking its aid, full relief; even as to matters with regard to which it would not originally have had jurisdiction. Poplein vs. Foley, 61 Md. 382; Miller's Equity, Sec. 669; Shipley vs. Fink, 102 Md. 220. And to the same effect are Wilson vs. R. R. Co., L. R. 9 Ch. 279; cited in Frey on Specific Performance, Section 1311; Speer vs. Erie R. R., supra. The test in all these cases is, whether the Court in the particular case ought in the exercise of its discretion to award specific performance; and if the case established is such a one, then if, for any reason, specific performance is refused, compensation for the damage or injury suffered may be awarded in lieu thereof, instead of compelling the party at additional costs, to go into another forum and there litigate the same question."

See also Jenks vs. The Clay Products Co., 138 Md. 551 at 572.

While in this suit, because of the insolvency of the corporate defendant, the Court could refuse specific performance and under the prayer for general relief, decree in personam against it the return of the moneys the plaintiff paid it for the 122 shares of stock; so that such decree could be filed in the receivership proceedings; the question would remain as to whether or not the Court should go on and adjudicate the plaintiff's rights against Woelfel; this depends upon whether or not the plaintiff's rights against him is dependent upon and germane to the main purpose of these proceedings, and not all independent controversy between the plaintiff and Woelfel.

Under the doctrine in Becker vs. Lipps, 131 Md. 301 at 305, a Court of Equity would have jurisdiction in this case over Woelfel, if the plaintiff's right of action against him is "based upon some equitable matter such as fraud, mistake, accident, trust accounting or the like."

The admissions of the demurrers show that solely for his own benefit and to carry out his plan to defeat or harass the plaintiff's right against him on the contract, Woelfel used his power as majority stockholder, president and controller of the Board of Directors, first, to keep the corporation from issuing the stock and then to destroy the corporation's power to do so, filed his bill against the corporation for a receiver and for its dissolution; all of which is a violation of Woelfel's duty as a stockholder, to the corporate creditors, of whom the plaintiff is one and is a fraud upon their and his rights and is a matter of equitable jurisdiction; and Woelfel is a proper party to these proceedings; and "the determination of the plaintiff's rights against him is dependent upon and germane to the subject matters and main purposes of the proceedings and is not an independent controversy between them, and is not a controversy beyond the scope of that raised by the amended bill."

Poe vs. Munich, 126 Md. 520.

In conformity herewith it is ordered this 23rd day of March, 1927, by the Circuit Court of Baltimore City, that its order of March 10th last overruling the demurrers be and is hereby modified, so as to show that the consent therein named was "consent" to the hearing of the demurrers to the amended bill and not consent to the Court's action thereon, and that the demurrer of the receiver to the amended bill instead of being overruled, be and hereby is sustained and the plaintiff declining to amend the amended bill is dismissed as to such receiver with costs, the other demurring defendants to have leave to petition for a reasonable time to answer if they desire.