# APRIL TERM 1881.

WILLIAM A. MOORE v. DAVID BARNHEISEL, JOHN ATKIN-
SON ET AL.

*Interpleader.*

Interpleading cannot be ordered unless the claims threatening complain-
ant negative each other; if one can be legally enforced without
implying the other's invalidity there is nothing to be settled by inter-
pleader.

The attorney for several creditors having obtained from the debtor an
assignment of certain policies of insurance then payable to him,
thereupon executed a paper reciting that he was to pay, from the pro-
ceeds, the claims held by him and pay over the residue to the attor-
neys for certain other creditors. Before this was done he was gar-
nished by still other creditors, but the attorneys to whom he was to
pay the residue insisted that their claim thereto could not be affected
by the garnishment. *Held*, that he could maintain a bill of inter-
pleader against them and the other creditors to determine which was
entitled to the fund.

Appeal from Superior Court of Detroit. Submitted Jan-
uary 5 and 6. Decided April 13.

BILL of interpleader. Defendant Atkinson appeals.
Affirmed.

*Moore, Canfield & Warner* for complainant. One who
holds a fund in which he has no interest can maintain a bill
of interpleader against rival complainants for it when he is
uncertain to which it is due: Adams' Eq. § 203 : 1 Barb. Ch.
Pr. 117 ; and where he is under no independent liability :
*Lindsey v. Barron* 6 C. B. 291 ; *Pipp v. Reynolds* 20
Mich. 88 ; *Turner v. McCarty* 22 Mich. 265 ; and it does

not matter how the claims are made : *Langston v. Boylston* 2 Ves. jr. 101; see *School Dist. v. Weston* 31 Mich. 97; *Westervelt v. Ackerman* 3 N. J. Ch. 325 ; *Atkinson v. Manks* 1 Cow. 691; *Bleeker v. Graham* 2 Edw. Ch. 650; *Angell v. Hadden* 15 Ves. 246 ; *Dungey v. Angove* 2 Ves. jr. 310.

*John Atkinson* for defendants Atkinson. One who has expressly promised to pay a fund to a specified party cannot compel him to interplead for it with other claimants for it : Story's Eq. Jur. §§ 291–3 ; *Siggers v. Evans* 85 E. C. L. 367.

GRAVES, J. This case comes up by appeal by the defendants Atkinson against a decree requiring the defendants to interplead. The objection to the decree calls for a short statement of facts and the explanation in defendants' brief is very nearly all that is necessary. Charles A. McIntosh had insurance on the steamer Bertschy for $5000. The steamer had been lost. Complainant's law firm held for collection against McIntosh claims in favor of the Bay City Iron Company, the Brewster Coal Company, Bay City Dry Dock & Ship-yard Company and Lewis C. Hansheer. Complainant was likewise empowered to act for Mrs. Peck who was entitled to part of the insurance as mortgagee. His firm had garnished the insurance companies to compel the application on these claims of sufficient of the insurance money to pay them.

The defendants Atkinson set up claims against McIntosh to an amount exceeding the residue of the insurance fund, and on the 8th of October, 1879, McIntosh and Mr. James J. Atkinson met complainant, and thereupon McIntosh assigned the policies to complainant and as part of the same transaction complainant then and there executed and delivered to Mr. Atkinson the following paper :

" DETROIT, MICH., October 8, 1879.
" The policies in the Phœnix Insurance Company, the St. Paul Fire & Marine and the Manhattan Fire, on the str. 'Bertschy,' amounting to $5000, and payable to C. A. McIntosh, have this day been assigned by him to me.

I am to pay, from the proceeds of said policies, the claims of the Bay City Iron Co., the Brewster Coal Co., Bay City Dry Dock and Ship-yard Co., and Louis C. Hansheer, and the costs upon the same, if I find said claims to be correct.

I am also to pay Susan E. Peck the amount due upon her mortgage, agreed upon as $2326.66, to Sept. 29, 1879.

Balance I am to pay to Atkinson & Atkinson.

WM. A. MOORE."

Some thirty days later and before complainant had collected any insurance he was garnished in the admiralty on claims against McIntosh in favor of the other defendants. But before making disclosure he collected the insurance and paid the specific claims in the writing of the 8th of October. On answering the garnishee proceedings in the admiralty he explained the facts and disclosed that the "balance," being $1560.60, remained in his hands and was claimed by the defendants Atkinson. The libelants in said garnishee proceedings claim and insist that said balance is still the money of said McIntosh and subject to be arrested under their garnishment and appropriated to their demands against him. The defendants Atkinson requested complainant to pay said balance to them, and on his refusal they brought their action against him therefor. They claim and insist that they cannot be affected in any way by the garnishment in the admiralty or by the result of it; that whatever may be there required of complainant they are entitled to recover the amount of him as due to them under said paper; that he having expressly promised to pay them the sum in question, he is not in a position to compel them to interplead with the other defendants who have interposed claims on another basis.

The point raised is one of no little difficulty. The principle on which the objection proceeds is expounded with great clearness in *Crawshay v. Thornton* 2 Myl. & C. 1, and was applied in *Sherman v. Partridge* 4 Duer 646, and in *Sprague v. Soule* 35 Mich. 35. There is no doubt of the rule that interpleading cannot be rightly ordered unless the respective claims threatening complainant are such as to

antagonize and negative each other. Where the claim of one party may be legally enforced without implying invalidity of the other, there can be no issuable point for decision by interpleader. But much consideration has led to the opinion that the case is not subject to this objection. It is expedient to bear in mind that we have now no concern whatever with the final question of right on the part of the defendants Atkinson. The inquiry at present is only the preliminary one in regard to the fitness of the controversy for an interpleader to determine that final question. The objection turns on the proper view of the transaction of October 8th. At that time McIntosh assigned his policies to complainant, and directed what should be done with the proceeds. The assignment and provision for the fund were parts of one transaction. The form given to it is of no material importance. The court is bound to penetrate to the substance, and ascertain the real merits.

The disposition of the residue in question was defined and ordered by McIntosh, the assignor. The direction made was his direction. The complainant merely acceded and agreed to it. The defendants Atkinson assented. The object of McIntosh was to appropriate that part of the fund to the purpose of the defendants Atkinson, and confer on them the right of property as against all others, and the complainant so far concurred as to agree to the direction given by McIntosh to the fund. The transaction did not contemplate any absolute liability of complainant independent of his lawful power over the property, and it was not imagined that in case of its turning out that McIntosh had given a better right to some one else the complainant should yet be liable to the defendants Atkinson.

The right was to spring from McIntosh and pass through complainant, and it was not intended that any loss or diversion of it without any fault of complainant, should be made his loss. He was not to be held responsible for any fault or failure of title, nor be liable to pay damages on account of the detention of the fund by McIntosh's outside creditors.

Now the real claim advanced by the defendants, who have

sought to sequester the fund, is that the transaction of the 8th of October was not as against them a valid appropriation of the property, and the defendants Atkinson insist that it was. The true issue is hence upon the effect of the transaction referred to, and a decision in favor of either side must necessarily amount to a negative of the right on the other. The case is therefore a proper one for interpleader. *Oppenheim v. Wolf* 3 Sandf. Ch. 571.

The decree must be affirmed with costs, and the cause remanded for further proceedings.

The other Justices concurred.