LANNING v. STILES.

1. INTERPLEADER—EQUITY—CONTRACTS.
   The remedy of interpleader is available only if defendants claim the same debt or thing, and if all adverse claims depend on or were derived from a common source, and if the complainant has no interest in or claim upon the subject-matter, and complainant must have incurred no independent liability to any of the claimants.

2. SAME—BROKERS—COMMISSIONS.
   Brokers claiming commissions under separate contracts, executed on different dates, covering the same property but different amounts of land, and possibly providing for different commissions, cannot be compelled to interplead

although complainant admits that she owes either one or the other defendant compensation: the contracts were distinct and the claims depend on different sources; complainant also may have incurred an independent liability to both brokers.

Appeal from Van Buren; Des Voignes, J. Submitted April 21, 1913. (Docket No. 96.) Decided July 9, 1913.

Bill by Nettie Lanning against A. E. Stiles and Albert A. Abbott for a decree of interpleader. From a decree for complainant, defendant Stiles appeals. Reversed.

*Thomas J. Cavanaugh*, for complainant.

*David Anderson*, for defendants.

The bill of complaint was filed in this cause for the purpose of enjoining the prosecution of a suit at law, brought by defendant Stiles against complainant, and for the further purpose of compelling the two defendants to interplead and determine which of them was entitled to a real estate commission of $140, which complainant admits she owes to one or other of said defendants, and which she has paid into court. To this bill defendant Stiles demurred, and, the demurrer being overruled, he then answered, denying complainant's right to enjoin him from proceeding with his suit at law and to compel him to interplead with defendant Abbott. From a decree of interpleader, defendant Stiles appeals.

BROOKE, J. *(after stating the facts).* The record in this case shows that complainant made two separate and distinct contracts, one with each of the defendants. They were different in date, different in the number of acres to be sold, and perhaps different

as to the commission to be paid. The primary question involved, therefore, is not which of the defendants is entitled to a specific "fund" (the commission), but whether defendant Stiles can be enjoined from prosecuting a suit at law upon his individual contract, claiming to have performed the same.

To entitle a complainant to file a bill of interpleader the following essential facts must appear: (1) The same thing, debt, or duty must be claimed by both or all the parties against whom the relief is demanded; (2) all adverse claims or titles must be dependent or derived from a common source; (3) the complainant must not have nor claim any interest in the subject-matter; (4) complainant must have incurred no independent liability to either of the claimants. 1 Pomeroy's Equitable Remedies, § 43 *et seq.;* 23 Cyc. pp. 7, 11, and cases cited in notes.

We are of opinion that complainant has not in her bill averred, or by her proofs established, facts sufficient to entitle her to the remedy sought. The defendants are not claiming the same "thing, debt, or duty." Defendant Stiles is claiming compensation for services alleged to have been performed under his individual contract, and Abbott is demanding compensation under a separate contract, the terms of which were unknown to Stiles and with which Stiles had nothing to do. The conflicting claims of the two defendants are obviously not dependent upon each other, or derived from a common source. The claim of each is based upon his own contract and is wholly independent of that of his codefendant. Complainant has, or may have, incurred an independent liability to both defendants. She testifies that she made a contract with each, and if each has fulfilled the terms thereof, each is entitled to a right of action thereunder. The principle involved has been discussed in several Michigan cases. *Michigan & Ohio Plaster Co.*

v. *White*, 44 Mich. 25 (5 N. W. 1086) ; *Moore* v. *Barnheisel*, 45 Mich. 500 (8 N. W. 531) ; *Wallace* v. *Sortor*, 52 Mich. 159 (17 N. W. 794) ; *Vogle* v. *Insurance Co.*, 147 Mich. 333 (110 N. W. 1067) ; *Detroit Trust Co.* v. *Hunrath*, 168 Mich. 180 (131 N. W. 147).

The decree is reversed, and the bill of complaint dismissed, with costs of both courts.

STEERE, C. J., and MOORE, McALVAY, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.