WELLOCK v. COWAN.

1. ACTION — CONSOLIDATION OF LEGAL AND EQUITABLE CAUSES — STATUTES.

In view of the fact that the authority of the courts to order consolidation of legal and equitable causes was doubtful at common law, the provisions of the statute (3 Comp. Laws 1915, § 12309) prohibiting consolidation of such causes is *held*, to be as binding on the courts as on the parties.

2. SAME—CERTIORARI—ORDER TO CONSOLIDATE CAUSES SET ASIDE.

On certiorari to review an order consolidating legal and equitable causes, where said order was not only in violation of 3 Comp. Laws 1915, § 12309, but there were no conditions present which would ordinarily authorize consolidation of cases under the common law, and the result would be confusion, dissatisfaction, and possibly injustice, it will be set aside.

Certiorari to Sanilac; Moinet (Edward J.), J., presiding. Submitted October 19, 1922. (Docket No. 135.) Decided December 5, 1922.

Bill by Robinson Wellock, trustee, against Henry Binkle, Adam W. Cowan and others to consolidate certain actions at law and in chancery. From an order of consolidation, defendant Cowan brings certiorari. Reversed.

*C. F. Gates*, for appellant.

*Frank R. Schell* (*Lincoln Avery*, of counsel), for appellee.

BIRD, J. This bill was filed by plaintiff, as trustee, to consolidate certain actions at law and in chancery

pending in the courts of Sanilac county. Most, if not all, of the pending litigation was the outgrowth, directly or indirectly, of Henry Binkle's conduct in misappropriating certain moneys belonging to the State Bank of Harbor Beach, of which he was cashier. In January, 1920, the State banking department discovered that Henry Binkle was short in his accounts about $90,000. Efforts were at once put forth by Binkle's relatives and friends to fix matters up with the bank so that Binkle could avoid prosecution. Upon representations which are in conflict the following conveyances of real property were made to plaintiff, as trustee for the bank:

(a) A conveyance by Henry Binkle and Daisy, his wife, to plaintiff as trustee, of a house and lot in Harbor Beach, which, it is claimed, they occupied as a homestead.

(b) A conveyance of four lots in the city of Harbor Beach to plaintiff as trustee by Binkle's parents, Philip Binkle and Lena Binkle.

(c) A conveyance of a house and lot and other real estate in Deckerville to plaintiff as trustee by Adam W. Cowan, and Anna M. Cowan, his wife. The said Anna Cowan being a sister of Binkle and Adam a brother-in-law.

(d) A bill of sale of a hardware stock in Deckerville was made to plaintiff as trustee by Adam Cowan and Philip Binkle, the value of which was about $13,000.

(e) A bill of sale was made by Philip Binkle of his three-fourths interest in a merchandise business in Harbor Beach and delivered to plaintiff as trustee.

Subsequently plaintiff replevied the stock of goods of Cowan and Binkle and took it into his possession. This precipitated a swarm of garnishee and other cases from the merchandise creditors of Cowan and Binkle. After a time chancery suits were begun by the vendors of the real estate mentioned in subdivisions a, b and c, under various claims that the conveyances were

made for a temporary purpose only and were based upon fraudulent representations made by plaintiff and other interested persons. The state of the litigation pending when plaintiff filed this bill for injunction and consolidation was:

(f) Three bills of complaint filed in chancery to compel the reconveyance of the real estate mentioned in subdivisions a, b and c.

(g) One replevin case involving a stock of goods from Cowan & Binkle, valued at upwards of $13,000.

(h) Eleven principal suits against Cowan & Binkle and eleven garnishee suits against plaintiff as trustee, four of which suits were pending in justice's court in Sanilac county (and the court in its return states that the number will reach 20).

(i) Four suits by firms who had sent to Cowan & Binkle merchandise on consignment, their claims being that they were conditional sales or sold on contract, reserving the title thereto, etc.

(j) The present bill also prays for an accounting between Henry Binkle and the Harbor Beach State Bank.

Upon filing the present bill an order to show cause why the prayer of the bill in reference to consolidation should not be granted was served on all of the interested parties. A hearing followed and an order passed staying further proceedings in the cases and ordering a consolidation of all the causes into one.

Adam Cowan of Cowan & Binkle, the owners of the stock of goods replevied, then applied to this court for a writ of certiorari to review these orders made by the court. The same was granted and Cowan, by his attorney, is here contending that the orders made by the court are invalid. The first point raised by appellant is that the joining of law cases and chancery cases is forbidden by the statute and cites section 12309, 3 Comp. Laws 1915, which reads as follows:

"The plaintiff may join in one action, at law or in equity, as many causes of action as he may have

against the defendant, but legal and equitable causes of action shall not be joined; but when there is more than one plaintiff, the causes of action joined must be joint, and if there be more than one defendant, the liability must be one asserted against all of the material defendants, or sufficient grounds must appear for uniting the causes of action in order to promote the convenient administration of justice, or when several suits shall be commenced against joint and several debtors, in the same court, the plaintiff may, in any stage of the proceedings, consolidate them into one action.    If it appear that any such causes of action cannot be conveniently disposed of together, the court may order separate trials, or whenever several suits shall be pending in the same court, by the same plaintiff against the same defendant, for causes of action which may be joined, the court in which the same shall be prosecuted may, in its discretion, order the several suits to be consolidated into one action."

It is argued that this section is an inhibition against consolidating law and chancery cases in one suit, and we think the point is well taken.    That right was a doubtful one under the common law.    8 Cyc. p. 599; *McGraw* v. *Dole*, 63 Mich. 1.    This statute is very plain that parties may not join in one action actions at law and in equity, and the language which immediately follows this inhibition says: "but legal and equitable causes may not be joined."    This language appears to be binding on the courts as well as on the parties.    It is hardly reasonable to say that the section forbids parties to join such actions but permits courts to do so.    Plaintiff's counsel argues that the statute does not limit the inherent power of the court to order a consolidation of cases.    It is said in plaintiff's brief that:

"That statute does not alter, curtail nor limit the inherent power of a court of equity to order united and consolidated sundry suits and proceedings separately commenced and to restrain their separate con-

duct, in a proper case, such as the one now before the court.

"The inherent right of a court of equity to assume jurisdiction for the purpose of preventing a multiplicity of suits, or of assuming jurisdiction where distinct equities appear, such as the reformation of the instruments, and the control of trusts, is not altered by this statute."

This is not a very persuasive argument in the face of a plain provision of the statute. In view of the fact that the authority of the court to order such consolidations was so doubtful at common law we are persuaded that the inhibition of the statute was intended to bind the court as well as the parties. But considering the bill and its purpose aside from the statute and from a common-law aspect, we think the power of the court to order a consolidation of such a large number of incompatible causes is very doubtful. In discussing the rule surrounding the consolidation of causes Cyc. makes the following observations:

"In equity the conditions authorizing consolidation differ from those which will warrant a union of actions at law. The important inquiry is in respect to the identity or substantial identity of the subject-matter involved or the object sought to be attained, and the aim is to bring in all the parties in interest and consolidate suits without special regard to the identity of parties. This a court of equity can do, because of its power to make appropriate orders or decrees, according to each party exact justice. But as a rule consolidation will not be ordered in equity where the subject-matter is not the same although the parties are identical; nor where the subject-matter as well as the parties are different, the questions presented are confused, or conflicting objects are sought to be accomplished. Under certain circumstances, however, and when feasible, the court may consolidate cases having different parties and involving different rights.

"Although there are exceptions to it, it is the general rule that except by consent of the parties, actions at

law and suits in equity cannot be consolidated." 8 Cyc. p. 597.

See valuable note on consolidation of causes, 58 Am. Dec. 508.

The order made by the circuit court consolidates chancery causes pending in Sanilac and Huron counties with law cases in Sanilac county, and adds thereto about 20 garnishee cases pending in Sanilac county, four or five of which are in justice's court. The chancery cases are independent suits and the outcome depends upon the representations made in each particular case. The testimony in Daisy Binkle's case will not be helpful in reaching a conclusion in the other chancery cases and there is nothing in common between the plaintiffs in those cases nor in the subject-matter of the suits. All the bills are filed with reference to different pieces of property. There appears to be no foundation for joining these cases with the replevin case. One is a law case and is a matter for the jury. The other is a chancery case and must be disposed of by the chancellor. The evidence in the chancery cases will not assist in determining the issue in the replevin case, nor *vice versa.* The issues are different and the parties are different. If the issues in the chancery cases and replevin case should be decided adversely to the plaintiff's contention it would contribute very little to the settlement of the issues in the garnishee cases. The issues in the garnishee cases and the parties are dissimilar to those in the other cases and the issues in the cases wherein goods were left with Cowan and Binkle on consignment, or upon contract, are foreign to the issues in any of the other cases, as are also the principal suits in the garnishee cases, and the testimony in the garnishee cases has no materiality to the questions arising upon the accounting between Binkle and the bank. But counsel say the consolidation will prevent a multi-

plicity of suits.    Whether the court disposes of the cases singly or in consolidation he will be obliged to take proofs in each case as each case stands on its own particular facts.

By reason of the character of the litigation no time or suits will be saved by the consolidation.    It will result in confusion, dissatisfaction and possibly injustice.    None of the conditions are present which would ordinarily authorize a consolidation of cases under the common law.    Besides, we are satisfied the consolidation is in violation of the statute quoted. For these reasons we are moved to set aside the order of consolidation and injunction.    The bill will not be dismissed, as an accounting is prayed for between the bank and Binkle.    Those who appeared and opposed the order of consolidation will recover costs in both courts.

FELLOWS, C. J., and WIEST, McDONALD, SHARPE, and STEERE, JJ., concurred.    CLARK and MOORE, JJ., did not sit.