FORD MOTOR CO. *v.* WAYNE CIRCUIT JUDGE.

1. Interpleader—Lienors Asserting Claim Against Owner May Not Be Impleaded—Mechanics' Liens.

Parties furnishing labor and material for construction of buildings and asserting primary liability against owner and no interest in funds in its hands due contractor, may not be impleaded by owner as claimants to such fund.

2. Arbitration and Award—Lienors Not Concluded by Arbitration Between Owner and Contractor.

While, as between owner and contractor, owner is entitled to credit for all payments made, as between owner and lienors, owner is entitled to credit only for payments made in accordance with provisions of lien law (3 Comp. Laws 1915, § 14796), and therefore arbitration between owner and contractor determining amount due, to which lienors were not parties, does not conclude them.

3. Interpleader—Mechanics' Liens—Owner May Not Interplead Lienors Having Liens on Different Buildings.

Owner having funds in its hands due contractor on several buildings may not interplead parties having liens for labor or material furnished for different buildings, since an essential to such relief is that all adverse claims or titles must be dependent or derived from common source.

4. Same—Action—Consolidation of Law and Equity Cases—Accounting.

In suit by owner against contractor for accounting, an amendment to interplead lienors and to consolidate suits at law and in equity was properly denied, court having ample power to dispose of questions involved and relieve owner of embarrassment in respect thereto.

Mandamus by the Ford Motor Company, a Delaware corporation, to compel Ormond F. Hunt, Wayne circuit judge, to allow plaintiff to file a supplemental bill of complaint in the nature of a bill

of interpleader. Submitted June 4, 1929. (Calendar No. 34,392.) Writ denied July 8, 1929.

*Longley & Middleton,* for petitioner.

*Edward N. Barnard,* for respondent.

Clark, J. Ford Motor Company, a corporation, as owner, entered into several contracts with John M. Blair as Blair Construction Company, as contractor for erecting certain structures. Before the work was completed the contract relation was terminated. The owner filed a bill for accounting. It was found on an arbitration by and between the owner and the contractor that the owner was to be debited for labor and materials on the several jobs the total sum of $2,020,962.80 and credited for payments the total sum $1,583,668.03, and that there was due the contractor the sum of $437,294.77, which sum was computed upon the construction jobs as follows:

| | | |
|---|---:|---:|
| "Memphis Building ................ | $ 4,930 | 66 |
| Contract No. 600, Steel Mill........ | 30,259 | 12 |
| Purchase Order B–30248.......... | 25,162 | 31 |
| Purchase Order B–43097.......... | 2,073 | 44 |
| Contract No. 791, Motors Extension Bldg. ....................... | 69,539 | 37 |
| Contract No. 755, Somerville Bldg . | 96,777 | 75 |
| Contract No. 831, Eagle Avenue Underpass ................... | 208,552 | 12 |
| Total.................. | $437,294 | 77" |

Nearly 20 statements of mechanic's lien were filed, some on motors extension building, some on Eagle avenue underpass, some on steel mill building, and perhaps against other of the buildings. Bills to foreclose certain of these liens were filed, and other lienors came in by their several cross-bills also,

praying foreclosure. In the main, these foreclosure bills divide into three groups and as against the three structures just above named. The contractor assigned to certain third persons, by several assignments, a part, at least, of his claimed interest in the funds in the hands of the owner. Persons claiming to have furnished material or labor or both to the contractor brought suits against him and caused writs of garnishment to be served on the owner, who disclosed fully respecting all claimants to the funds in its hands.

Suit or suits were instituted against the owner by persons claimed to have furnished labor or material or both for part or all of the said structures, in which a primary liability of the owner is asserted. The owner sought to file an amended bill in the original cause first mentioned, a bill in the nature of a bill of interpleader, praying to be relieved of the liens, to have confirmation of the award on arbitration, and to bring in all aforesaid litigants and claimants, and offering to pay the said amount found to be due into court, and also seeking consolidation of all the suits both at law and in equity, and, being refused, here seeks to compel favorable action by mandamus.

The writ must be denied. Those who assert primary liability against the owner and no interest in the funds in its hands due the contractor may not be impleaded as claimants to the fund. *Lanning* v. *Stiles,* 176 Mich. 275. As between the owner and the contractor, the owner is entitled to credit for all payments made, but as between the owner and the lienors, the owner is entitled to credit for payments to the contractor when made in accordance with the provisions of the mechanic's lien law. 3 Comp. Laws 1915, § 14796. Whether there will be dispute

in this regard the record does not disclose, but the arbitration, to which the lienors were not parties, does not conclude them in this respect, and it may be therefore that some of the lien claimants will assert liability beyond the fund remaining due upon the particular structure.

Moreover it is essential to the relief here sought that ''all adverse claims or titles must be dependent or derived from a common source,'' quoting from *Lanning* v. *Stiles, supra.* See 33 C. J. p. 433; *Detroit Trust Co.* v. *Hunrath,* 168 Mich. 180.

The liens here claimed do not have a common source. There are as many sources as there are structures upon which liens are claimed, for the source of a lien, conferred by statute, is the furnishing of labor or material or both for the particular structure upon which lien is claimed. Orderly procedure will require separate hearings on the separate groups of bills to enforce the liens. See *Maxim* v. *Shotwell,* 209 Mich. 79; *School District* v. *Weston,* 31 Mich. 85.

We will not pursue the subject further, having the opinion that the amendment seeking interpleader was properly refused. The question of consolidation is fully discussed in *Wellock* v. *Cowan,* 221 Mich. 58, and under such holding the conclusions of the trial court on this question may not be disturbed. There is ample power in the court to adjudicate upon the lien cases, and to dispose of the matters in garnishment, and to permit the owner to pay what it owes, which it seeks to do, and to determine to whom payments will be made, and to relieve the owner speedily of its embarrassment in respect hereof.

Writ denied, with costs to defendant.

North, C. J., and Fead, Fellows, Wiest, McDonald, Potter, and Sharpe, JJ., concurred.