FORD MOTOR CO. *v.* BLAIR.

1. PARTIES—INTERVENTION—STATUTES.
   Right to intervene did not exist at common law, and statute granting such right is remedial in nature and to be liberally construed (3 Comp. Laws.1929, § 14019).

2. SAME—INTEREST IN LITIGATION.
   Where garnishee defendant, against whom award was made, admits indebtedness and signifies willingness to pay in accordance with court order, and defendant is indifferent to disposition of fund because he owes creditors in excess of amount awarded, judgment creditors, who had brought garnishment proceedings, have interest in fund and should be permitted to intervene in proceedings brought by other creditors to reach said fund, because, if latter's claims are allowed and paid, amount available to pay judgment creditors will be reduced (3 Comp. Laws 1929, § 14019).

Appeal from Wayne; Miller (Guy A.), J. Submitted June 21, 1932. (Calendar Nos. 36,335, 36,336.) Decided September 16, 1932.

Bill by Ford Motor Company, a Delaware corporation, against John M. Blair, doing business as Blair Construction Company, to cancel a construction contract and for an accounting. Cross-bill by defendant for damages for breach of contract. Decree for defendant. National Bank of Commerce and Edward N. Barnard intervened as claimants of the fund. On petition of James B. Clow & Sons, a foreign corporation, and others for leave to intervene. From order denying intervention, James B. Clow & Sons and others appeal. Reversed.

*Longley, Bogle & Middleton,* for plaintiff.

*Warren, Hill & Hamblen,* for intervener National Bank of Commerce of Detroit.

*Edward N. Barnard, in pro. per.*

*Angell, Turner, Dyer & Meek,* for appellant James B. Clow & Sons.

*Griffin, Heal & Emery,* for appellant Kalman Steel Company.

*Miller, Canfield, Paddock & Stone,* for appellants Insley Manufacturing Company and A. Leschen & Sons Rope Company.

*John McNeil Burns,* for appellants Columbia Cornice Company and Atchison Revolving Door Company.

POTTER, J.   Ford Motor Company sued John M. Blair, doing business as Blair Construction Company, to cancel construction contracts and for an accounting.   Blair answered, and by cross-bill claimed substantial damages.   The parties arbitrated the dispute between them, and an award was made that Ford Motor Company owed Blair $437,294.77.   The award provided Ford Motor Company should not be obligated to pay Blair until he had caused to be discharged certain mechanics' liens filed against the Ford Motor Company by Blair's creditors, and had satisfied the claims of other creditors who had sued Blair and garnisheed Ford Motor Company.   The National Bank of Commerce petitioned to intervene, claiming an assignment of all moneys due Blair from Ford Motor Company to secure the repayment to it of $95,984.68 and interest, which Blair owed it.   Leave to intervene was

granted. Edward N. Barnard obtained an order directed to Ford Motor Company, Blair, and National Bank of Commerce, to show cause why the court should not decree Blair owed Barnard $218,647.38, and that Barnard had a lien on the money owed by the Ford Motor Company to Blair, being the $437,294.77 above mentioned, for attorneys' fees, compensation, and services rendered pursuant to a contract between Blair and Barnard. Appellants ask leave, as judgment creditors of Blair, who had garnisheed Ford Motor Company, to intervene. From an order denying appellants' right to intervene, they appeal. Ford Motor Company, as appellee, says it is a mere stakeholder, ready and willing to distribute the fund to those to whom it legally belongs, asking only that it be permitted to pay in accordance with the order and decree of a court of competent jurisdiction and be discharged from further liability. When it pays, the Ford Motor Company is entitled to be protected. Phases of this litigation were before the court in *Ford Motor Co.* v. *Wayne Circuit Judge,* 247 Mich. 538; *McClintic-Marshall Co.* v. *Ford Motor Co.,* 254 Mich. 305 (77 A. L. R. 807); *R. C. Mahon Co.* v. *Ford Motor Co.,* 256 Mich. 255. Plaintiff filed a bill in the nature of a bill of interpleader, asking to be relieved of the liens filed by creditors of Blair, confirmation of the award of the arbitrators, and to bring all claimants to the fund before the court. Its right to do so was denied in *Ford Motor Co.* v. *Wayne Circuit Judge, supra,* on the authority of *Lanning* v. *Stiles,* 176 Mich. 275, where it is said:

"To entitle a complainant to file a bill of interpleader the following essential facts must appear: (1) The same thing, debt, or duty must be claimed by both or all the parties against whom the relief is

demanded; (2) all adverse claims or titles must be
dependent or derived from a common source; (3) the
complainant must not have nor claim any interest
in the subject-matter; (4) complainant must have
incurred no independent liability to either of the
claimants.   1 Pomeroy's Equitable Remedies, § 43
*et seq.;* 23 Cyc. pp. 7, 11, and cases cited in notes."

In that case it was pointed out that the lienors
were not parties to the arbitration proceeding, which
did not conclude them; they might assert liability
beyond the fund arising from the award made; all
adverse claims did not arise from a common source;
and separate hearings might be required on separate
bills to enforce distinct liens which were not in all
cases on the same structures.   The question of the
right to file a bill of interpleader or a bill in the
nature of a bill of interpleader is not here.   Appel-
lants seek only to intervene in this proceeding; to
oppose the liens asserted by National Bank of Com-
merce and Mr. Barnard.   The right to intervene is
based on 3 Comp. Laws 1929, § 14019.   Such right
did not exist at common law.   *Stratford Arms Hotel
Co.* v. *General Casualty & Surety Co.,* 249 Mich. 518.
When granted by statute such statute was declared
to be remedial in its nature and to be liberally con-
strued.   Act No. 314, Pub. Acts 1915 (3 Comp. Laws
1929, § 13522 *et seq.*); *McMillan* v. *School District,*
200 Mich. 280; *Detroit & Northwestern Mich. B. &
L. Ass'n* v. *Oram,* 200 Mich. 485.

In this case the Ford Motor Company is not inter-
ested in who obtains the money awarded by arbi-
tration.   It is willing to pay to whomsoever the court
legally determines such money should be paid.   It
is a mere stakeholder.   Whether the National Bank
of Commerce, Mr. Barnard, or appellants receive
the money is of no interest to it.   Blair, the prin-

cipal defendant, is not interested. He owes his creditors on the Ford Motor Company job more than the amount of the award of the arbitrators. So long as the amount of the award is applied to reduce his indebtedness to his creditors he is indifferent which creditors receive payment, and as to the order of their payment if he can pay and expects to pay; and he is equally indifferent if he cannot pay and does not expect to pay his creditors. National Bank of Commerce and Mr. Barnard claim liens upon the fund arising from the award of the arbitrators. If these liens are allowed and are paid, the amount available to pay appellants will be reduced. Appellants, within the rule of *Chandler* v. *Preston,* 207 Mich. 244, have such an interest in this proceeding and in the fund in question as to be entitled to intervene. The decree of the trial court is reversed, with costs, and leave to appellants to intervene granted.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred. BUTZEL, J., did not sit.