GAIRING *v.* McCLELLAND.

1. INTERPLEADER—INDEPENDENT LIABILITY TO A CLAIMANT.
   A bill of interpleader is a bill filed for the protection of a person from whom several persons claim the same thing, debt, or duty, but who has incurred no independent liability to any of them and does not himself claim an interest in the matter.

2. SAME—JURISDICTION—SEPARATE LIABILITY TO EITHER CLAIMANT.
   Circuit court in chancery had jurisdiction to entertain interpleader suit wherein one claimant was administrator of insolvent estate of person who had transferred sum of money to plaintiffs who had given a demand note to deceased, which administrator had been appointed on petition of deceased's creditors, and other claimant was indorsee under purported indorsement of the note and to whom maker had given a new note direct to such claimant in exchange for original note, since, under the circumstances, plaintiffs have not incurred a

separate and distinct or ·independent liability to either of the
rival claimants (3 Comp. Laws 1929, § 13944, as amended by
Act No. 41, Pub. Acts 1939).

Appeal from Van Buren; Warner (Glenn E.), J.
Submitted April 14, 1945. (Docket No. 83, Calendar
No. 43,067.) Decided May 14, 1945.

Bill of interpleader by Walter W. Gairing and
wife against J. R. McClelland and William P.
Wright, administrator of the estate of Frank H. Mc-
Keyes, deceased, to determine the ownership of. a
debt evidenced by promissory note. Bill dismissed
on motion of defendant McClelland. Plaintiffs ap-
peal. Reversed and remanded for further proceed-
ings.

*H. H. Adams,* for plaintiffs.

*Anderson, Anderson & Anderson,* for defendant
McClelland.

NORTH, J. Plaintiffs filed a bill of interpleader in
which, in substance, they allege that either as stake-
holders or as debtors on a demand note they are ob-
ligated to pay the sum of $6,500; that the defendant
McClelland and the defendant Wright, as adminis-
trator of the estate of Frank H. McKeyes, deceased,
are rival claimants to this fund which plaintiffs are
obligated and willing to pay. Defendant McClel-
land moved to dismiss the bill of complaint as to
him. This motion was heard by the trial judge.
Later he filed a memorandum· and decree in which
he held the motion should be granted. Subsequently
by permission _ of the court plaintiffs filed an
amended bill. Defendant McClelland, for reasons
hereinafter stated, moved to dismiss the amended
bill of complaint as to him. This motion was heard

and granted and a decree dismissing as to McClel-
land entered.  The other defendant, William P.
Wright, administrator, answered the original bill
of complaint, and we assume his pleading stands as
an answer to the amended bill.  Plaintiffs have ap-
pealed from the decree dismissing as to defendant
McClelland.

In April, 1942, Frank H. McKeyes, a business as-
sociate of Walter W. Gairing, paid to Gairing or
put into his custody $6,500.  To evidence this trans-
action Gairing gave McKeyes a demand promissory
note without provision for interest for $6,500, pay-
able to McKeyes or order.  Plaintiffs claim that the
note was merely given as a memorandum to evi-
dence the fact that they had received the $6,500 for
safekeeping in behalf of McKeyes.  We think it of
no material bearing whether the promissory note
was given for the purpose above stated or is to be
considered merely as promissory note given for a
valuable consideration.  Frank McKeyes became
seriously ill; and in April, 1943, defendant McClel-
land presented the note to Mr. Gairing for payment.
At that time the note bore the following indorse-
ment: "I hereby indorse and transfer above note to
J. R. McClelland;" and this indorsement purported
to bear the signature of Frank McKeyes.  Gairing
was unwilling to pay the note to McClelland until
he first saw McKeyes; but upon being advised by
McClelland that he was not particular about the
money being paid at that time, the indorsed note
was surrendered to and retained by Gairing, and
he upon McClelland's request thereupon gave to him
a new note for $6,500 payable on demand to McClel-
land or order, without provision for interest.  Both
of the Gairing notes were signed by Mrs. Gairing.

Frank McKeyes died in May, 1943.  McClelland,
after demanding but not having received payment
of the Gairing note given to him, began suit thereon,

November 29, 1943. In the meantime William P. Wright, upon application of creditors, had been appointed administrator of the estate of Frank McKeyes; and Wright informed Gairing that the estate demanded payment of the $6,500, and forbade payment thereof to McClelland. The administrator notified Gairing that he, representing creditors, claimed that the disposition made of the $6,500 of Frank McKeyes' money rendered him and his estate insolvent, and was therefore a fraud upon the estate's creditors; and further, at the time the Gairing note was transferred to McClelland, McKeyes "was mentally and physically so ill that he did not, and could not understand the nature or effect of the said transaction," and that the transaction was without consideration. Wright, administrator, threatened suit. This led to the filing of the bill of interpleader December 24, 1943, in which plaintiffs asked that McClelland's suit on the note be enjoined. As a tender plaintiffs paid into court the $6,500.

The motion to dismiss, in brief, is based upon these reasons: that McClelland's claim to the $6,500 is based upon the promissory note which he holds and is "for a different cause of action and a different claim from any alleged in said bill of complaint to be asserted by the defendant, McKeyes estate;" that the court had no jurisdiction to require McClelland to be interpleaded with the McKeyes estate for the purpose of adjudicating their respective claims; and further, that the amended bill sets forth no additional facts which justify or authorize interpleading the two defendants herein. The issue seems to narrow down to the single question of whether the amended bill of complaint, under the facts and circumstances of this case, sets forth sufficient facts to give the court jurisdiction to entertain it as a bill of interpleader.

Under the established practice in this jurisdiction and particularly under the recent statute defining the chancery jurisdiction of circuit courts, appellee's contention cannot be sustained. The statute (3 Comp. Laws 1929, § 13944, as amended by Act No. 41, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 13944, Stat. Ann. 1944 Cum. Supp. § 27.545]) contains the following:

"Said circuit court in chancery shall also have jurisdiction and authority:     *     *     *

"7. To hear and determine suits begun by bills of interpleader filed by any person, individual or corporate, domiciled in Michigan, having in his or its custody or possession money or property, or owing any debt, to which there are 2 or more adverse claimants alleging themselves to be entitled to such money or property or the proceeds of such debt."

Both the defendant McClelland in the position he has taken and the trial judge as the basis of his decision place great stress and rely upon the statement supported by many authorities that among other requisites, equity will not entertain a bill of interpleader unless the parties seeking relief (plaintiffs) have incurred no independent liability to either of the alleged claimants. (the defendants). This Court, affirming dismissal of a bill of interpleader, has held:

"A bill of interpleader is a bill filed for the protection of a person from whom several persons claim legally or equitably the same thing, debt, or duty; but who has incurred no independent liability to any of them, and does not himself claim an interest in the matter. Adams, Equity, 202. And it is essential among other things that the party seeking relief has incurred no independent liability to either claimant. Adams, Equity, 204.. In this case

the bill alleges that complainant incurred the liability under an express agreement with some of the parties against whom he now claims relief. Such being the case he is not entitled to the relief he now seeks." *Sprague* v. *Soule,* 35 Mich. 35.

Appellee, in addition to the *Sprague Case,* cites several other Michigan decisions. We are of the opinion that the cited cases are not controlling of the instant case for the following reasons. In the instant case as the element of so-called "independent liability," appellee and the trial court both have reference to the note given to McClelland, incident to which the original note given by Gairing to McKeyes was surrendered. If there were no question about the validity or the binding effect upon plaintiffs of the note given to McClelland, the authorities relied upon by appellee would seem to be controlling. But in the instant case it sufficiently appears from the allegations of the bill that to the knowledge of plaintiffs the validity of the note given to McClelland is challenged by the adverse claimant to the $6,500 which plaintiffs have or had in their possession and which they have tendered into court for payment to the party rightfully entitled thereto. Under such circumstances, it cannot justly be said that plaintiffs have incurred a separate and distinct or independent liability to either of the rival claimants in this case. Whether such an independent liability has been incurred by plaintiffs is an issue which may properly be tried out by the interpleaded rival claimants to the $6,500 fund; and the determination of that issue in this proceeding will be binding upon the plaintiffs. If in any of its controlling aspects the claim of administrator Wright is established, then there was no valid "independent liability" on the part of plaintiffs to McClelland. It cannot be said that the second Gairing note created

an "independent liability" in the sense that it was wholly disassociated with the original Gairing note. For example, if as against the rights of creditors for whom the administrator claims the $6,500, the indorsement of the first note to McClelland is invalid, then there was no consideration for the second note; and in that event it could not be said that the second note constituted an "independent liability." There would seem to be no reasonable doubt that both interpleaded defendants are making claim to the same fund, viz: the $6,500 which plaintiffs admit their liability to pay. Without considering the additional reason about to be noted, we think even under the earlier authorities the controversy set forth in plaintiffs' bill of complaint is such as gave the court jurisdiction to entertain a bill of interpleader. See *School District No. 1 of Grand Haven* v. *Weston,* 31 Mich. 85; *Moore* v. *Barnheisel,* 45 Mich. 500; and *Michigan Trust Co.* v. *McNamara,* 165 Mich. 200 (37 L. R. A. [N. S.] 986).

But aside from the foregoing, it is to be noted that comparatively recently the Michigan statute, in part hereinbefore quoted, governing jurisdiction of equity courts, has removed any doubt as to the court's jurisdiction of the bill of interpleader in the instant case. Act No. 41, Pub. Acts 1939, added to the statute theretofore defining jurisdiction in chancery, paragraph 7 hereinbefore quoted. Regardless of restrictions that may have been embodied in earlier decisions upon the jurisdiction of equity courts to entertain bills of interpleader, we think the addition made to the previous statutory provisions in this particular by paragraph 7 of the 1939 act clearly covers the instant case so far as the jurisdiction of the circuit court in chancery to entertain this bill of interpleader is concerned. That paragraph plainly says the circuit courts in chan-

cery shall have jurisdiction and authority: "To hear and determine suits begun by bills of interpleader filed by any person, * * *, having in his * * * custody or possession money or property, or owing any debt, to which there are 2 or more adverse claimants." The statute. fits the instant case, and we must hold that the trial court had jurisdiction.

The decree dismissing the bill of complaint as to appellee is reversed. A decree will be entered in this Court accordingly, remanding the case to the trial court and providing that appellee shall have 15 days in which to answer. Appellants will have costs of this appeal against appellee McClelland.

STARR, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.