GENESEE COUNTY PROSECUTING ATTORNEY v CITY OF
FLINT

1. ARBITRATION AND AWARD—PARTIES.

   One not a party to an arbitration is not bound by the award.

2. ARBITRATION AND AWARD—STANDING—NON-PARTICIPANT.

   A non-participant in arbitration proceedings has standing to
   attack an arbitration award where the award makes determi-
   nations concerning his property or contractual rights.

Appeal from Genesee, Ollie B. Bivins, Jr., J.
Submitted June 4, 1975, at Lansing. (Docket No.
22341.) Decided September 24, 1975.

Complaint by the Genesee County Prosecuting
Attorney against the City of Flint and its Chief of
Police for a temporary restraining order to pre-
vent defendants from implementing and enforcing
an arbitration award as it relates to two patrol-
men on the prosecutor's staff. The Flint Police
Patrolmen's Association intervened as a defend-
ant. Accelerated judgment for defendants. Plaintiff
appeals by leave granted. Reversed and remanded.

*Robert F. Leonard,* Prosecuting Attorney, and
*James J. Wascha,* Assistant Prosecuting Attorney,
for plaintiff.

*Patrick H. Hynes,* City Attorney, and *Richard A.
Miller,* Assistant City Attorney, for defendants.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arbitration and Award § 149.
[2] 5 Am Jur 2d, Arbitration and Award § 83.

*Goldberg, Previant & Uelmen* (by *John S. Williamson, Jr.)*, for the intervening defendant.

Before: Bashara, P. J., and J. H. Gillis and M. F. Cavanagh, JJ.

Bashara, P. J. This is an appeal from the granting of the intervening defendant's motion for accelerated judgment pursuant to GCR 1963, 116.1(3).

In 1971 the Flint Police Chief was under pressure to reduce his police force due to a termination of a Federal grant. The plaintiff, the Genesee County Prosecutor, entered into an oral agreement with the police chief to select patrolmen for the prosecutor's staff. The agreement provided that the plaintiff would supervise the patrolmen and reimburse the City of Flint for their pay.

Subsequently, the City of Flint entered into a collective bargaining agreement with the Flint Police Patrolmen's Association (FPPA). A patrolman, thereafter, brought a grievance alleging that the patrolmen on the prosecutor's staff were performing detective functions while being paid as patrolmen. The grievance went to arbitration between the City of Flint and the FPPA. The plaintiff alleges that he was neither informed of the arbitration proceeding nor a party to it. The arbitration panel ruled that the patrolmen on the prosecutor's staff were performing the work of detectives and ordered that they be replaced by detectives.

The plaintiff filed a motion and complaint seeking a temporary restraining order against the City of Flint from enforcing the order of the arbitration panel. The theory proposed was that the patrol-

men were employees of the county and, therefore, not covered by the collective bargaining agreement between the City of Flint and the FPPA. The FPPA filed a motion to intervene and a motion for accelerated judgment pursuant to GCR 1963, 116.1(3), on the ground that the plaintiff lacked legal capacity to sue. The FPPA's position was that the plaintiff lacked standing to attack an arbitration award construing the terms of a collective bargaining agreement between the City of Flint and the FPPA. The trial judge agreed and granted the FPPA's motions to intervene and for accelerated judgment, dissolved the temporary restraining order, and dismissed the complaint.

The issue is whether the plaintiff lacked capacity to attack the arbitration award. One not a party to an arbitration is not bound by the award. *Ford Motor Co v Wayne Circuit Judge,* 247 Mich 538; 226 NW 218 (1929). It follows that a nonparticipant has standing to attack an arbitration award that makes determinations concerning its property or contractual rights. We agree with this well established rule. See *Orion Shipping & Trading Co v Eastern States Petroleum Corp,* 312 F2d 299 (CA 2, 1963), *cert den* 373 US 949; 83 S Ct 1679; 10 L Ed 2d 705 (1963), *Sloan v Journal Publishing Co,* 213 Or 324; 324 P2d 449 (1958), *Carpenters' Union v Citizens' Committee to Enforce Landis Award,* 333 Ill 225; 164 NE 393 (1928). We, therefore, conclude that the plaintiff has the legal capacity to maintain this action.

On the limited record before us, we refuse to rule on the merits of the remaining issues raised in plaintiff's brief.

Reversed and remanded for trial. Costs to abide the outcome at trial.