WILLIAM BECKER, Trading as William Becker &
Company,

*vs.*

FREDERICK W. LIPPS COMPANY, a Body
Corporate.

*Discovery : when legal remedy, equity will not interpose—.*

In actions arising from the non-performance of a contract to
deliver merchandise, for the breach of which damages are sought
to be recovered, if the right is not dependent upon some matter
of equitable jurisdiction, such as fraud, mistake, accident, trust,
accounting, or the like, if the legal remedy would be complete,
sufficient and certain, a court of equity has no concurrent juris-
diction and will not interpose.                             p. 305

In general, if certain facts essential to the merits of a claim
of a purely legal aspect be exclusively within the knowledge of
the party against whom the claim is asserted, such party may
be required by a bill of discovery to disclose those facts, and a
court of chancery thus being rightfully in possession of the
cause, will proceed to determine the whole matter in contro-
versy.                                                     p. 306

Since the powers of discovery have by statute (Code, sec-
tions 98, 99 and 100 of Article 75) been conferred upon courts
of law, the necessity for such auxiliary jurisdiction of equity is
almost superseded.                                         p. 307

There was a contract by which one party agreed to sell,
and the other agreed to purchase and take, all the barrels

that the party of the first part might receive in the due course of his business during the year; the said party of the first part refused to deliver the same or to account therefor; the party of the second part brought a bill for discovery for a detailed statement of the number and kind of barrels, an accounting and a decree for the payment of a sum found to be due as damages for the breach of contract: *Held,* that the discovery prayed for would have been available under Article 75 of the Code, with relief as complete as in equity, and the latter court should not interpose.                                                    p. 307

*Decided June 28th, 1917.*

Appeal from the Circuit Court of Baltimore City. (STUMP, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*George Weems Williams* (with whom were *Lucius Q. C. Lamar* and *Louis S. Ashman* on the brief), for the appellant.

*Laurie H. Riggs* (with whom was *C. R. Wattenscheidt* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The questions for decision in this case are raised upon a demurrer to a bill in equity, which was sustained by the Circuit Court of Baltimore City.

The bill was accordingly dismissed, and leave of the plaintiff to amend was denied.

The principal defense made on the demurrer and relied upon in argument, is, that the Circuit Court of Baltimore City has no jurisdiction of the subject-matter of the suit, because the cause of action and relief demanded, are fully legal in their nature, and properly cognizable in a Court of Law.

The facts of the case, out of which the controversy arose, and upon which the decision of the case must turn are stated and appear from the averments of the bill and are admitted by the demurrer to be true. They are these:

The plaintiff is engaged in the cooperage business in the City of Baltimore, and in the conduct of the business and in connection therewith buys and sells empty barrels of various kinds.

The defendant is engaged in the manufacture and selling of chocolate and confections in the City of Baltimore, and in connection with its business has on hand a large number of empty barrels of different kinds for sale.

On August 8th, 1915, the plaintiff agreed to purchase and the defendant agreed to sell all of defendant's output of empty barrels for the period of one year, from the 15th of July, 1915, to the 15th of July, 1916, upon the terms, conditions and prices provided by a contract between the parties, and which will more fully appear from the averments of the bill, disclosed by the record now before us.

The contract was signed in duplicate, is filed with the bill, as Plaintiff's Exhibit No. 4, and is as follows:

"Baltimore, Md., 7/15/15.

"This agreement, made this 15th day of July, 1915, between Wm. Becker & Co., parties of the first part, and the Frederick W. Lipps Co., parties of the second part, all of Baltimore City:

"Parties of the first part agree to purchase and parties of the second part agree to sell all of their entire output of empty barrels, as they run, no deductions to be made for damaged barrels, unless by mutual consent, prices as follows:

Condensed milk oak barrels............$1.00
Soft wood condensed milk barrels.......... .60
Glucose barrels. ....................... .90
Headdown glucose barrels. ............... .75
Single head glucose barrels.............. .60
Grain alcohol and spirit barrels........... 1.00
Olive oil and cotton seed barrels.......... 1.00
Engine, cylinder, dynamo oil barrels....... .85
Double head sugar barrels............... .20
Damaged and single head sugar barrels.... .15
Cocoanut, originally sugar barrels......... .15

And all other empty packages not mentioned above to be accepted at the ruling market prices.

"The parties of the first part guarantee the above prices for one year from date, and agree to promptly remove all barrels when notified by the parties of the second part.

"Witness the signature of the parties of the first part, and the parties of the second part duly authorized to sign this agreement.

"Terms, cash on delivery.

"Accepted August 5, 1915.

The Frederick W. Lipps Co.,   (Seal)
By Frederick W. Lipps, Pres."

The bill alleges that the defendant failed to deliver to him the entire outfit of empty sugar barrels, as under the contract it was required to do, but has at all times refused to deliver any of said barrels, although often demanded so to do, that the defendant has broken the contract and as a result thereof the plaintiff has suffered a very substantial loss and damage therefrom.

The bill then alleges that the plaintiff has no way or means of ascertaining what number in fact constituted the defendant's entire output of sugar barrels for the period of one year mentioned in the contract, because the facts and the means of ascertaining them are in the exclusive keeping and possession of the defendant.

The prayer of the bill is in substance that a Court of Equity, decree a discovery, an accounting and the defendant, also be decreed to pay the sum ascertained to be due the plaintiff, as damages for a breach of the contract, and such other and further relief as the case may require. ·

It is contended upon the part of the defendant in support of the demurrer, that the plaintiff's relief or remedy, if any, is an action at law for the recovery of damages for a breach of contract, that a Court of Equity is without jurisdiction to entertain this bill and the plaintiff ought to be left to his remedy at law.

On the other hand, it is urged by the plaintiff that the bill is one for an accounting and a discovery and that a Court of Equity has concurrent jurisdiction to hear and determine the case under the averments of the bill.

The doctrine is well settled in this State, that where a party has a certain, complete and adequate remedy at law, he cannot sue in equity.

The cause of action in this case, it will be seen, is clearly and primarily a legal one, arising from the non-performance of a contract to deliver sugar barrels, and for the breach of which damages are sought to be recovered by the plaintiff from the defendant.

In such cases where the right of action is not dependent upon or based upon some equitable matter such a fraud, mistake, accident, trust, accounting or the like and the legal remedy would be complete, sufficient and certain, Courts of Equity have no concurrent jurisdiction, and will not interpose. 1 *Pomeroy Eq. Jurisprudence, secs.* 178-236; *Price* v. *Tyson*, 3 Bland, 399; *Powles* v. *Dilley*, 9 Gill, 239; *Taylor* v. *Ferguson*, 4 H. & J. 46.

In *Oliver* v. *Palmer*, 11 G. & J. 444, it is said, if in a case like the present, where the claim asserted is strictly legal in its form and substance, where the remedy at law is expeditious and ample you grant to the Court of equity the power ascribed to it, upon the principles upon which it is claimed,

there is scracely a case resting in contract and now cogniz-able in a Court of law which may not be drawn into the vortex of chancery jurisdiction.

It is quite certain that the bill in this case cannot be sus-tained or maintained as a suit in equity for an accounting. Its allegations are not such as to bring it within that class of cases where a Court of equity will take jurisdiction for an account. *Miller's Equity,* sec. 721, page 823; 1 *Pomeroy Equity Jurisprudence,* sec. 230; *Taylor* v. *Ferguson,* 4 H. & J. 46.

But it is insisted on the part of the appellant, that the bill is framed for discovery, as well as for relief, and the Court being rightly in possession of the cause will proceed to determine the whole matter in controversy.

There are cases where a discovery may be had not only to support an action at law, but as auxiliary to the maintenance of a suit contemplated to be brought, but they are cases where the discovery is essential and absolutely necessary to the establishment of the plaintiff's rights and the information can not be otherwise attained. *Wolf* v. *Wolf,* 2 H. & G. 382; *Parrott* v. *Chestertown Bank,* 88 Md. 515; *Heinz* v. *German Bldg. Asso.,* 95 Md. 160; *Union Passenger Railway Co.* v. *Baltimore,* 71 Md. 238.

The general principle is stated in *Russell* v. *Clark,* 7 Cranch, 90, as follows: "It is true that if certain facts essen-tial to the merits of a claim purely legal be exclusively with-in the knowledge of the party against whom that claim is asserted, he may be required in a Court of chancery to dis-close those facts, and the Court being thus rightly in posses-sion of the clause will proceed to determine the whole matter in controversy."

In *Phelps Juridical Equity,* 159, it is said that not much stress is now laid upon the auxiliary jurisdiction of courts of equity, meaning the power to compel discovery, produce documents, etc., since those powers have been by statute conferred upon the courts of law, and the necessity for the

auxiliary jurisdiction may be said to be practically, almost entirely, superseded, although still occasionally resorted to. 1 *Pomeroy Eq. Jur.,* secs. 83, 124, 143, 215; Art. 75, secs. 98, 99 and 100, *Code P. G. Laws.*

In the present case, the discovery sought by the bill was a detailed statement of the number of sugar barrels constituting defendant's entire output for the year beginning July 15th, 1915, and ending July 15th, 1916, and that the defendant be required by decree of this Court to pay the plaintiff the sum ascertained to be due.

It is clear that the discovery prayed for in the bill would have been available to the plaintiff, under Art. 75, secs. 99 and 100 of the Code, in a Court of law, where the mode of procuring the production of books, papers and testimony is provided for in as ample a manner as in a Court of equity, and where there is an adequate, complete and sufficient remedy pointed out by law courts of equity will not interpose.

For the reasons which we have stated we do not think the appellant has made out such a case as entitles him to relief in a Court of equity, but that his case is properly cognizable in a Court of law.

The order of the Court below sustaining the demurrer and dismissing the bill will be affirmed.

*Order affirmed, with costs.*