T. ALAN GOLDSBOROUGH *v.* COUNTY TRUST
COMPANY OF MARYLAND

[No. 39, October Term, 1941.]

**60**

*Decided December 3, 1941.*

The cause was argued before BOND, C. J., SLOAN, DELAPLAINE, FORSYTHE, and MARBURY, JJ.

*Wesley E. Thawley* for the appellant.

*J. DeWeese Carter* and *W. Laird Henry* with whom were *Henry & Gould* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

The appellant, once attorney for the appellee, sues in equity for an accounting of commissions alleged to be due to him, by agreement, on amounts paid to the client on judgments entered by the attorney, for a discovery of amounts so paid, and for an injunction to restrain foreclosure of an overdue mortgage by him and his wife to the client until the state of accounts between them has been ascertained. A demurrer to a second amended bill of complaint was sustained and the bill dismissed; and the appeal has been entered from that action.

The bill, filed on January 21, 1941, avers that judgments for the company were entered by the plaintiff attorney on promissory notes placed in his hands for collection, and amounts due on them have been paid directly

to the company; that there was an agreement between the parties that the attorney should be paid a fee of ten per cent upon amounts collected on the notes; that the defendant has concealed from the plaintiff the fact of the payments directly, and it has only recently come to the knowledge of the plaintiff; that the fact is not denied by the defendant, but it refuses to disclose the amounts collected or the debtors from whom they were collected; that the plaintiff has no means of obtaining the information except from the defendant; that the defendant holds the mortgage, overdue and in default from the plaintiff and his wife, and if it is found that the amount due is greater than that due the plaintiff for his fees, he is ready to pay the balance. On these averments the bill prays a discovery of the amounts paid on the judgments, an accounting of the fees or commissions payable, and the injunction against foreclosure of the mortgage until the accounting is made.

When rights of an agent against his principal can be determined only by reference to accounts or information kept in the possession of the principal, there is a usual ground of jurisdiction in equity for discovery and accounting notwithstanding the facilities for obtaining discovery at law under the Code, Art. 75, Secs. 106 and 107. *Zalis v. Orman*, 175 Md. 100, 199 A. 877; *Miller, Equity Procedure,* sec. 721. The aid afforded a plaintiff at law in the power to call an opponent as a witness, (Acts 1939, ch. 380, Code, Art. 35. Sec. 8), does not, by reducing the necessity for resorting to equity, prohibit the plaintiff's doing so. The equity jurisdiction continues in full effect. *Zalis v. Orman, supra; Hill v. Pinder,* 150 Md. 397, 407, 133 A. 134; *Union Pass. Ry. Co. v. Mayor of Baltimore,* 71 Md. 238, 241, 17 A. 933.

But the plaintiff must show the necessity for his resorting to the remedy, and is permitted to seek only that which is necessary. The mere fact that he does not know the facts sought is not sufficient if they are available to him by his own efforts. He cannot invoke the aid of the court to relieve him of the effort to provide it for him-

self. *Becker v. Frederick W. Lipps Co.*, 131 Md. 301, 101 A. 783; *Musch v. Underwood*, 179 Md. 455, 19 A. 2d 699, decided May 1, 1941. He must therefore limit his demand for an accounting to his requirements; and here lies an objection on demurrer to this bill. The plaintiff, having, as alleged, knowledge that amounts have been paid in directly to the company, would seem to have facts which would serve as guides to an examination of the company's accounts, and to restrict it; he at least knows what judgments he has entered for it. Yet his bill would apparently cast upon the defendant the burden of an indefinite examination of books to ascertain what judgments had been entered and what if any amounts had been paid directly to the company on them. In this respect the bill is too indefinite. *Miller, Equity Procedure*, sec. 92. The demurrer was properly sustained for this reason.

It is objected that ground for the injunction against foreclosure of the mortgage was not shown because there are none of the allegations required by sections 17, 18 and 19 of article 66 of the Code of 1939, that the mortgage debt or part of it had been paid, and credit denied, or that there was fraud in obtaining the mortgage, no payment of an overdue amount is made, and no bond to abide by the decree to be passed has been furnished. These objections we do not find well taken in a demurrer to the bill. The plaintiff avers payment of the mortgage made in whole or part by amounts due him as commissions, and readiness to pay any further amount found due upon an accounting. In effect, he claims a right so to apply such amounts in payment of the mortgage debt, and no obstacle to his doing so appears. On the averments so far it does not appear that any further allegations to conform to the sections cited can be made, nor does it appear that any payment may be due after application of amounts due as commissions. Before an injunction can issue of course, the statutory requirements must be substantially complied with; but that may be done at a later stage of the case.

The court concludes that the ends of justice would be subserved by remanding the cause to give the plaintiff an opportunity to make by amendment to his bill the averments needed to restrict an accounting to information which the plaintiff himself cannot otherwise obtain.

*Cause remanded without affirmance or re-versal under Code, Art. 5, section 42, with costs to the defendant.*