## SILVER HILL SAND & GRAVEL CO. *v.* THE CAROZZA CORPORATION

[No. 68, October Term, 1944.]

*Decided December 21, 1944.*

The cause was argued before MARBURY, C. J., DELA-
PLAINE, COLLINS, GRASON, MELVIN, BAILEY, CAPPER, and
HENDERSON, JJ.

*Michael J. Manley*, with whom was *Edward J. Brannan*
on the brief, for the appellant.

*A. David Gomborov* and *J. Dudley Digges*, with whom
were *Gomborov* and *Gomborov* and *Eugene M. Carozza*
on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

The appeal in this case is from an order of the Circuit
Court for Prince George's County overruling a demurrer
to the appellee's amended bill of complaint. It is con-
tended that the cause of action is primarily a legal one,
that a Court of equity is without jurisdiction to entertain
the amended bill under the facts alleged, and that the
Court below erred in its ruling.

The facts set out in the amended bill are: that the
appellant is engaged in the business of mining, washing,
delivering and selling sand and gravel in Prince George's
County; that the appellant, for a valuable consideration,
entered into an agreement with the appellee to pay the
sum of 6 cents per ton for all sand and gravel mined,
delivered or sold by it from any and all of certain de-
scribed properties in Prince George's County; that the
appellant agreed to keep all the records of its operations,
and to issue statements and account to the appellee each
month for the sand and gravel mined, delivered and sold
for the previous month; that the appellee cannot ascer-
tain the correct tonnage through its own efforts; that the
appellant did issue statements and account for all sand
and gravel mined, delivered and sold up to and including
December 31, 1941, but has refused to do so since that
date, although its operations have continued. The bill
prays a discovery and accounting, a decree for all sums
due from January 1, 1942, to December 31, 1943, and
for other and further relief. The original bill was filed
on March 2, 1944.

The appellant relies primarily upon the case of *Becker v. Frederick W. Lipps Co.*, 131 Md. 301, 101 A. 783. That case also was decided upon demurrer to a bill of complaint alleging that the Lipps Co. entered into a written contract to sell its entire output of empty barrels of various types to Becker and Company for the term of one year at prescribed prices, the buyer undertaking to remove all barrels from the manufacturer's plant when notified. The bill further alleged a failure to deliver any sugar barrels. There was a prayer for discovery and accounting. This Court held that the allegations of the bill were not such as to support a suit for an accounting. As to discovery, it was pointed out that the information sought was merely a detailed statement of the number of sugar barrels manufactured during the year, and that since the right to discovery has been generally conferred by Statute upon courts of law, the ancillary jurisdiction of equity has been practically superseded. It was held that there was no occasion to invoke the equity jurisdiction for a discovery alone.

We think the Becker case is distinguishable from the case at bar. In the Becker case the action was for nonperformance of a contract to deliver merchandise, for the breach of which damages were sought, and the suit was not based upon the equitable grounds of mistake, accident, trust, accounting or the like. In the case at bar, the agreement was not one for the purchase and sale of merchandise; it was in the nature of a continuing royalty or leasing agreement, with an express undertaking to account each month during the life of the agreement to the Carozza Corporation, owner of the mining rights in the properties described. Thus, the relations between the parties were not those of buyer and seller, but were of a fiduciary character. For the purposes of this case it is not necessary to define the relationship more precisely.

In the case of *Musch v. Underwood*, 179 Md. 455, 19 A. 2d 699, there was a bill for discovery and relief in an effort to recover money loaned. This Court held that

this presented no case for equitable relief, but said (179 Md. at Page 458, 19 A. 2d at Page 700) : "There are cases involving accounting between partners, or persons jointly engaged in some enterprise, from the nature of which it would be impossible for a party to obtain the facts necessary to maintain his cause, and equity will then entertain a bill for discovery, but the sufficiency of such a bill must depend upon the nature of its averments and object when considered in connection with the established principles of equity. *Hill v. Pinder*, 150 Md. 397, 133 A. 134; *Seeley v. Dunlop*, 157 Md. 378, 146 A. 271.

In the case of *Anderson v. Watson*, 141 Md. 217, 220, 118 A. 569, where the bill was for discovery and accounting of the tonnage of coal mined, which measured the compensation to be paid to complainants, this Court said (141 Md. at Page 235, 118 A. at Page 576) : "Nor can there be any real question that there was a fiduciary and confidential relation between the parties to this proceeding. The coal which measured the compensation to be paid to the men who mined it was weighed by the company on its own scales and by its own agents, out of the presence of the miners, who were by the necessities of the case precluded from witnessing the operation of weighing, and who were as a practical matter obliged to rely on the good faith of the company. Under such circumstances the miners naturally and necessarily trusted and relied upon the company's good faith, and the company assumed the duty of dealing fairly with them. For these reasons, in our opinion, the complainants are entitled to the accounting prayed in their bill."

In *Goldsborough v. County Trust Co.*, 180 Md. 59, 61, 22 A. 2d 920, this Court pointed out that as between principal and agent the jurisdiction of equity for discovery and accounting persists notwithstanding the facilities for obtaining discovery at law. The demurrer was sustained in that case because the bill was so indefinite as not to make out a case of necessity; however, the bill was not dismissed, but the cause was remanded for further proceedings.

In the case at bar there was an express promise to keep all records and account monthly. The bill is in the nature of a bill for specific performance of that obligation; and sufficiently alleges the necessity for equitable relief. Compare *Union Pass. Ry. Co. v. Mayor, etc., of Baltimore*, 71 Md. 238, 17 A. 933; *Zalis v. Orman*, 175 Md. 100, 199 A. 877; *Campbell v. Burnett*, 120 Md. 214, 87 A. 894; *Whiteley v. Schoenlein*, 183 Md. 590, 39 A. 2d 692.

It may also be observed that in the case at bar the agreement between the parties is of indefinite duration and has not been fully performed, raising the possibility that the appellee might find it necessary to bring successive actions at law. This furnishes an additional reason for equity to assume jurisdiction, in order to afford complete relief in a single case; and avoid a multiplicity of suits at law.

In *County Com'rs of Frederick County v. City of Frederick*, 88 Md. 654, 42 A. 218, this Court sustained a bill in equity to require the County to pay over one-half of certain taxes collected to the city. Upon the question of equity jurisdiction it was said (88 Md. at Page 663, 42 A. at Page 222): "If the city can sue at law for its share of the amounts collected by the County, it is apparent that a great number of suits would likely be required. In the action for money had and received, if that could be sustained, there could be no recovery until the money was actually received by the defendant; and it would be very difficult, if not impossible, for the city authorities to know just what had been collected, and when the various amounts were collected. * * * if one does collect the whole, the fund thus collected might well be treated as if belonging to joint owners, and the one made to account to the other in equity, as joint tenants, tenants in common, etc., do."

We concur in the view of the Chancellor that the bill of complaint is not demurrable, but should be answered.

*Order affirmed, with costs to appellee.*