C. BROOKS NAGEL, ET UX. *v.* F. PLINY TODD, ET UX.

[No. 45, October Term, 1945.]

*Decided January 8, 1946.*

514

The cause was argued before MARBURY, C. J., DELA-
PLAINE, COLLINS, GRASON, HENDERSON, and MAR-
KELL, JJ.

*K. Thomas Everngam* and *Wesley E. Thawley* for the
appellants.

*Layman J. Redden,* with whom was *W. Brewster Deen*
on the brief, for the appellees.

HENDERSON, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court
for Caroline County, passed on March 9, 1945, sustaining
a demurrer to the appellant's bill of complaint.

The bill alleges that on or about August 28, 1944, Todd
approached Nagel and requested him to enter into an
agreement whereby they should jointly purchase a 200-
acre tract of land and timber from Franceina W. Towers
for a price of $3,500.00. It was proposed that Nagel
would contribute $2,000.00, and Todd would contribute
$1,500.00, and that Nagel would take title to the land,
subject to the right of Todd to remove the standing
timber. This was fully discussed and agreed to. Na-
gel and his wife thereupon borrowed $2,000.000 from a
bank and turned over a check in that amount to Todd's
attorney, on September 16, 1944. The attorney there-
upon turned over a deed to the property to Nagel and
wife, which was recorded upon payment to the clerk of
revenue stamps evidencing a consideration of $3,500.00.
On the same day, Nagel and Todd, and their wives,
signed a written agreement assigning for a nominal
consideration the growing wood and timber upon the

tract to Todd, who was given the right to install saw mills on any part of the land, with the right of ingress and egress for the purpose of cutting, hauling and milling timber, provided the timber should be removed within five years, or within an extended period of two years. This agreement was duly recorded.

The bill alleges that on or before October 2, 1944 (the date when the bill was filed) Nagel discovered from Mrs. Towers that the purchase price was not $3,500.00, but $2,500.00. On September 15, 1944, Nagel's attorney delivered a draft of the deed to Todd's attorney in which the consideration recited was $3,500.00; Todd's attorney altered this provision, so as to recite a consideration of $5.00, the reason assigned by Todd, being so that future purchasers would not know the true purchase price. At the time of the settlement on September 16 Todd's attorney stated in the presence of all the parties that he would take care of the payment of the $1,500.00 due by Todd and pay the grantor. The bill further alleges that Nagel also discovered Mrs. Towers and her agent were importuned by the defendants, both before and after the sale, to keep secret the true purchase price. The conduct of the defendants is characterized as wilful, wrongful and fraudulent concealment of the true purchase price, causing the complainants to pay more than their just and equitable share. The prayers of the bill are (a) that the defendants be required to refund a fair and equitable sum as contribution towards the true purchase price, so that the complainants will contribute approximately the same proportion towards the purchase price of $2,500.00, as they agreed to contribute towards a price of $3,500.00; (b) for other and further relief.

The defendants demurred to the bill, and after argument, the Court sustained the demurrer and dismissed the bill on the ground that the complainants had an adequate remedy at law. The Court found that an accounting was unnecessary, since the allegations were suffi-

cient to give rise to a pecuniary judgment, and cited *Anderson v. Watson,* 141 Md. 217, 231, 181 A. 569, to the effect that under the so-called American doctrine, the concurrent jurisdiction of equity cannot be invoked, in cases of fraud, unless the legal remedy is inadequate. But in *Anderson v. Watson,* 141 Md. at page 235, 118 A. at page 576, the Court found that a fiduciary and confidential relation existed, and recognized a right to an accounting on that ground, independent of fraud.

In the case at bar we think there was a fiduciary and confidential relation between the appellants and the appellees. It is not necessary to consider whether the agreement technically constituted a joint venture; Todd was at least the agent of both Nagel and himself in negotiating the purchase.

In *Restatement, Agency,* Sec. 13, comment (*a*) it is said: "The agreement to act on behalf of the principal causes the agent to be a fiduciary, that is, a person having a duty, created by the undertaking, to act primarily for the benefit of another, in matters connected with his undertaking. Among the agent's fiduciary duties to the principal is the duty to account for profits arising out of the employment, * * * and the duty to deal fairly with the principal in all transactions between them."

In *DeCrette v. Mohler,* 147 Md. 108, 115, 127 A. 639, 642, this Court, speaking through Judge Walsh, said: "The principal duty of an agent is loyalty to the interest of his principal. The very nature of the relationship of principal and agent demands that the latter give to the former the fullest measure of service in all matters pertaining to the agency, and that he devote all his skill and ability to securing the greatest legitimate benefit and advantage for his principal. Experience has taught us that no man can serve two masters, and for this reason it has long been an established rule of law that an agent cannot recover from his principal in any transaction in which the agent's interest was antagonistic to that of the principal, unless such interest was fully

and fairly disclosed to the principal. *Mechem on Agency,* 2nd Ed., Sec. 1588 *et seq.*

"In accordance with this rule it has been held that, without full disclosure, an agent cannot buy from, or sell to, his principal, that he cannot represent two principals having antagonistic interests, and that he cannot make a secret profit out of any transaction with his principal."

In *Keighler v. Savage Mfg. Co.,* 12 Md. 383, 416, 71 Am. Dec. 600, it was said, in regard to the law governing the relation of principal and factor, "Its paramount and vital principle is *good faith;* without it the relation of principal and agent cannot exist; and so sedulously is this principle guarded, that all departures from it are esteemed frauds upon the confidence bestowed." The same principles are laid down in *Mangels v. Tippett,* 167 Md. 290, 300, 173 A. 191; *Macgill v. Macgill,* 135 Md. 384, 393, 109 A. 72; and *Henry v. Leech,* 123 Md. 436, 439, 91 A. 694. Compare *Goldman v. Harford Road Bldg. Assn.,* 150 Md. 677, 133 A. 843.

Where there is a breach of confidential relations, there is a duty to account, and an independent ground of equity jurisdiction. In *Miller's Equity,* Sec. 721, p. 823, it is said (citing *Pomeroy*) : "The general rule is that a suit in equity for an accounting may be maintained when the remedies at law are inadequate. The instances in which the legal remedies are held to be inadequate are said to be as follows: First, where they are mutual accounts between the plaintiff and the defendant; * * * second, where the accounts are all on one side, but there are circumstances of great complication, or difficulties in the way of adequate remedy at law; and third, where a fiduciary relation exists between the parties, and a duty rests upon the defendant to render an account." *Johnson & Higgins, Inc. v. Simpson,* 165 Md. 83, 85, 166 A. 617; *Anderson v. Watson, supra; Pomeroy, Equity Jurisprudence,* 5th Ed., Sec. 1421; *Williams v. Finlaw, Mueller & Co.,* 292 Pa. 244, 141 A. 47; *Ramsey v. Ramsey,* 351 Pa. 413, 41 A. 2d 559; *Sun Building & Loan Association*

*v. Rashkes,* 119 N. J. Eq. 443, 183 A. 274; *American Button Co. v. Weishaar,* Mo. App., 170 S. W. 2d 147, 152. The existence of a right to bring action at law will not oust the jurisdiction of equity, if there is any ground upon which relief in equity may be invoked. *Legum v. Campbell,* 149 Md. 148, 150, 131 A. 147, and cases there cited.

In the recent case of *Silver Hill Sand & Gravel Co. v. Carozza,* 184 Md. 226, 40 A. 2d 311, equity jurisdiction was sustained because of the fiduciary relation between the parties (lessor and lessee), although there were other grounds, such as the need for discovery and the avoidance of a multiplicity of suits at law. See also *Grimes v. Grimes,* 184 Md. 59, 40 A. 2d 58; *Whiteley v. Schoenlein,* 183 Md. 590, 39 A. 2d 692; *Goldsborough v. County Trust Co.,* 180 Md. 59, 61, 22 A. 2d 920; *Zalis v. Orman,* 175 Md. 100, 109 A. 2d 877; *Hill v. Pinder,* 150 Md. 397, 414, 133 A. 134; *Lupton v. Wholesale Corp.,* 143 Md. 333, 336, 122 A. 2d 315; *Anderson v. Watson, supra; Chase v. Grey,* 134 Md. 619, 623, 107 A. 2d 537; *Bruns v. Spalding,* 90 Md. 349, 360, 45 A. 194; *Dillon v. Conn. Mutual,* 44 Md. 386; *Restatement, Agency,* Sec. 399, comment on clause (e), p. 905.

In the case at bar the appellees, according to the allegations of the bill, concealed the true purchase price and sought to take the full benefit of their bargain with the vendor instead of sharing the reduction they obtained with the principals for whom they were acting. The appellees were not dealing at arm's length with the appellants; they were guilty of a breach of confidence reposed. Under the Maryland authorities this is enough to invoke the jurisdiction of equity.

We think the chancellors erred in sustaining the demurrer to the bill.

> *Order reversed and case remanded, with costs.*