# FILLMORE COOK ET AL. *v.* AUDREY LOUISE HOLLYDAY ET AL.

[No. 62, October Term, 1945.]

*Decided February 12, 1946.*

The cause was argued before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, and MARKELL, JJ.

*Joseph Townsend England* for the appellants.

*Edward L. Ward,* with whom was *John R. Norris* on the brief, for the appellees.

DELAPLAINE, J., delivered the opinion of the Court.

In a bill of complaint filed on June 21, 1944, Audrey Louise Hollyday and her husband allege: (1) that her mother, Florence Evelyn Cook, died in Baltimore on January 31, 1943, leaving an alleged will giving her a half interest in the real estate at 7 and 9 East North Avenue in Baltimore and also forty-nine shares of the capital stock of Paradise Amusement Company, which leases all the real estate except a store room; (2) that her uncle, Fillmore Cook, who owns the other half interest in the real estate, was named executor, and was given an option to buy her half interest and her capital stock for $20,000, in event of sale; (3) that if a caveat, which she filed to the alleged will, is sustained, she will inherit the estate free from option; (4) that the lessee pays an annual rent of $3,120 a year, whereas the premises should rent for $6,500 a year; and (5) that although

her uncle has been collecting the rents, she has not received any portion thereof. The bill prayed the court to assume jurisdiction of the real estate and determine its fair rental value, to appoint a receiver to take charge of the real estate and collect the rents, to require Cook to account and pay over the income to the receiver, and for general relief. When the case came on for hearing, a real estate dealer gave his opinion that the property is worth $65,000, and that $6,000 is a fair rent for the premises leased by the amusement company, and $900 a fair rent for the store room. On July 27, 1944, the chancellor passed a decree by consent ordering Cook to account forthwith to Mrs. Hollyday for all rents collected since January 31, 1943, and also to pay her monthly thereafter the share of rents to which she is entitled.

On April 7, 1945, Mrs. Hollyday and her husband filed a petition in the nature of a supplemental bill alleging: (1) that her mother's alleged will was declared void, and she is the sole heir to her mother's estate; (2) that after passage of the decree she gave Paradise Amusement Company, of which her uncle is president, a written notice, as required by law, to terminate the lease on December 31, 1944, and to increase the rent thereafter from $325 to $450 per month; and (3) that the lessee has refused to pay the additional rent. The prayers were to make the lessee a party to the proceeding, to determine the fair rental value of the real estate, and for general relief. We follow the rule of equity pleading, as stated by Justice Story, that a supplemental bill filed after decree may be either (1) to supplement the decree to enable the court to give full effect to its decision, or to give proper directions on some matter omitted in the original bill or not put in issue, or (2) to bring before the court parties who were omitted and afterwards found to be necessary. *Story, Equity Pleadings,* Sec. 338. A supplemental bill filed after a decree must not seek to vary the principle of the decree, but, taking that principle as a basis, seek merely to supply any omissions in

the decree or in the proceedings which led to it. *O'Hara v. Shepherd,* 3 Md. Ch. 306; *Miller, Equity Procedure,* Sec. 196. In this case the supplemental bill does not seek to vary the principle of the decree. The chancellor passed an order making the lessee a party defendant, and requiring defendants to answer. Defendants demurred to the bill, and they are now appealing from an order overruling their demurrers.

Cook contends that in his capacity as executor he has no interest in the subject matter of the supplemental bill. He claims that he has been collecting the rents, not as executor, but as an agent. Complainants say that, when they filed the original bill of complaint, the indebtedness of the estate of Florence Evelyn Cook was more than $14,000, and they were not certain in what capacity Cook was collecting and holding the money, and therefore they brought the suit against him both individually and as executor. Cook's wife also demurred on the ground that she had no interest in the subject matter of the suit. Complainants explain that they made her a party in order to bind her dower interest in the real estate, if necessary. In any event, if it is found that a bill of complaint makes a person a defendant who should not be a party, the bill may be dismissed as to such party and proceed as to the others. *Miller, Equity Procedure,* Sec. 76.

The supplemental bill is attacked by Cook individually and on behalf of his amusement company on the ground that it does not state a case for relief in equity. There is no question that courts of equity have jurisdiction in all cases (1) where there are mutual accounts, (2) where the accounts are only on one side, but there are complications or difficulties in the way of an adequate remedy at law, and a discovery is sought, and (3) where there is a fiduciary relation between the parties, and a duty rests upon the defendant to render an account. *Anderson v. Watson,* 141 Md. 217, 233, 118 A. 569; *Coster v. Arrow Building & Loan Ass'n,* 184 Md. 342, 41 A. 2d

83; *Nagle v. Todd,* 185 Md. 512, 45 A. 2d 326. The Statute of 4 Anne, Ch. 16, Sec. 27, authorizes a joint tenant or tenant in common to bring an action of account against his co-tenant "for receiving more than comes to his just share or proportion." 2 *Alexander's British Statutes,* Coe's Ed., 894, 899. The Statute of Anne, however, does not interfere with the jurisdiction of equity. Since its enactment there have been two concurrent remedies where only one existed before. The statutory action of account, however, has seldom been used in this State, for the reason that a suit in equity is usually a more convenient and effectual remedy. *Hamilton v. Conine,* 28 Md. 635, 641, 92 Am. Dec. 724; *Hogan v. Mc-Mahon,* 115 Md. 195, 199, 80 A. 695, Ann. Cas. 1912C, 1260; *Minion v. Warner,* 238 N. Y. 413, 144 N. E. 665, 41 A. L. R. 1412. The court of equity is the preferable forum for obtaining an accounting whenever there are cross-claims or other complications. In the court below it was found that Cook had kept all the rents collected after January 31, 1943, and that he claimed several thousand dollars in commissions for services which he alleged he had performed prior to that date. It is obvious that Mrs. Hollyday was entitled to invoke the aid of equity.

It is also a familiar principle that where a court of equity obtains jurisdiction in any cause of action, it will retain its jurisdiction to the end, in order to give the parties seeking its aid complete relief, even as to matters over which the court would not have had jurisdiction originally. *Scott v. Marden,* 153 Md. 1, 137 A. 518; *Reed & Fibre Products Corp. v. Rosenthal,* 153 Md. 501, 521, 138 A. 665; *McKeever v. Washington Heights Realty Corporation,* 183 Md. 216, 37 A. 2d 305; *Austraw v. Deitz,* 185 Md. 245, 44 A. 2d 437. Courts of equity, in view of their general jurisdiction in actions for accounting, exercise a very ample authority over matters which naturally, if not necessarily, attach to such jurisdiction, even though they are apparently not closely connected with

accounting. 2 *Story, Equity Jurisprudence,* 14th Ed., Sec. 593; *Ford Motor Co. v. Hunt,* 247 Mich. 538, 226 N. W. 218. Mrs. Hollyday has the right to pray for a decree for the sale of the property. By express provision of our chancery statute, any tenant in common has the right to secure separate enjoyment of his interest either by partition or by sale and division of the proceeds. Code, 1939, Art. 16, Sec. 159; *Campbell v. Lowe,* 9 Md. 500, 66 Am. Dec. 339.

Moreover, if co-tenants desire to keep the common property, the court of equity will adapt its methods to the exigencies of the case in order to protect the interests of the parties. *Meyers v. East End Loan & Savings Ass'n,* 139 Md. 607, 613, 116 A. 453. The will of Florence Evelyn Cook has been held void by the Superior Court of Baltimore City, and the ruling of that court has been affirmed by the Court of Appeals. *Cook v. Hollyday,* 185 Md. 656, 45 A. 2d 761. We now have before us the case where Cook and Mrs. Hollyday are tenants in common of the real estate in question, each tenant owning a half interest therein. It is well settled that one co-tenant cannot make a lease which will be binding upon his co-tenants without their consent; but one co-tenant can lease his own interest, either with or without the consent of the others, and the lessee will become a tenant in common with the others. *Mussey v. Holt,* 24 N. H. 248, 55 Am. Dec. 234; *Howard v. Manning,* 79 Okl. 165, 192 P. 358, 12 A. L. R. 819; 14 *Am. Jur., Co-tenancy,* Sec. 87. Likewise, it has been held that one co-lessor cannot terminate the lease as to the interest of the other co-lessors, if the notice to terminate is not in behalf of the others; but one co-lessor can terminate the lease as to his own interest without the concurrence of the others. *Pickard v. Perley,* 45 N. H. 188, 86 Am. Dec. 153; *Greenwood v. Bennett,* 208 Ala. 680, 95 So. 159; 32 *Am. Jur., Landlord and Tenant,* Sec. 1001.

In this case the supplemental bill does not allege fraud or any mismanagement of the amusement company. We

find no allegation warranting the court of equity in interposing for the purpose of ascertaining the fair rental value of the property. We therefore reverse the order of the chancellor overruling the demurrers to the supplemental bill, but remand the cause without prejudice to the right of complainants to pray for any relief to which they may be entitled in this or any other cause.

*Order reversed and cause remanded, with costs.*