## PARADISE AMUSEMENT CO. *v.* HOLLYDAY ET AL.
[No. 92, October Term, 1947.]

*Decided February 20, 1948.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Joseph Townsend England* for the appellant.

*Edward L. Ward*, with whom was *John R. Norris* on the brief, for the appellees.

MARKELL, J., delivered the opinion of the Court.

This is an appeal from an order overruling a demurrer to a supplemental petition in the nature of a supplemental bill.

Throughout 1944 appellee and her uncle, Fillmore Cook, owned as equal tenants in common real estate, most of which was occupied by appellant as tenant. Appellee owned 49 per cent of the stock of appellant; Cook owned or controlled the other 51 per cent and was president. On June 21, 1944 appellee filed a bill against Cook for various relief, including an accounting for rents collected by him. On July 27, 1944 a consent decree for such accounting was passed. On September 14 and 15, 1944, respectively, appellee gave appellant notices purporting (1) to terminate appellant's "yearly tenancy" of the premises on December 31, 1944 and (2) to increase the rent for the premises to $450 monthly. Appellant refused to pay the increased rent, but by agreement the old rent was paid and received without prejudice. On April 7, 1945 appellee and her husband filed a petition in the nature of a supplemental bill praying that the court make appellant a party and "determine the fair rental value of the real estate". Cook and appellant demurred on the ground that the supplemental

bill did not state a case for relief in equity. This court held that the demurrers should have been sustained, saying, "We find no allegation warranting the court of equity in interposing for the purpose of ascertaining the fair rental value of the property." *Cook v. Hollyday,* 1946, 186 Md. 42, 45 A. 2d 768, 771, 772.

In August 1946 appellee sold her one-half interest in the real estate to a Miss Boehl, who on August 22, 1946 filed a bill against Cook for sale for the purpose of partition and for appointment of a receiver pending sale. In September, 1946 Miss Boehl notified appellant that its tenancy of her one-half interest would terminate on December 31, 1946. Appellant intervened in the partition case. On November 4, 1946 a decree was passed appointing a trustee to sell and to collect the rents pending sale. The trustee petitioned the court to instruct him regarding the proper amount of rent to collect. On January 6, 1947 the court passed an order adjudging that (*a*) Miss Boehl's notice to appellant terminated appellant's tenancy as to her one-half interest on December 31, 1946 but not as to Cook's interest and (*b*) the rent to be paid by appellant for Miss Boehl's interest after December 31, 1946 until ratification of sale should be $225 per month. Cook and the present appellant appealed from the decree of November 4, 1946 and the order of January 6, 1947. On June 11, 1947 this court affirmed the decree of November 4, 1946, affirmed the order of January 6, 1947 as to termination of tenancy but reversed it as to rent to be paid, saying, "While the Court ruled properly as to the termination of the tenancy, there is no justification for the fixing of rent payable by the lessee other than that agreed upon by the parties." *Cook v. Boehl,* 188 Md. 581, 53 A. 2d 555, 561.

On October 17, 1946 appellee filed in her 1944 case another petition in the nature of a supplemental bill, praying that "in view of the notices given by her" to appellant in September, 1944, "she is entitled to a monetary decree" against appellant "for the difference in rent from January 1, 1945 to August 1, 1946", *viz.,* "$105

per month, totalling $1995", *i. e.*, one-half of the difference between the rent paid for the premises and the "increased" rent mentioned in her notice. Appellant demurred on the ground, among others, that the petition does not state a case for relief in equity. On June 16, 1947 the demurrer was overruled.

We think the demurrer should have been sustained on the same ground on which the two previous cases were decided. Those cases are not distinguishable from the instant case. In both we recognize the principle that where a court of equity has jurisdiction, it will retain jurisdiction to the end, in order to give complete relief, even as to matters over which it would not have had jurisdiction originally. But we refused to extend that principle to any and every unrelated controversy in which any of the parties to the original litigation is involved. The instant petition, filed after appellee had parted with all interest in the property, is more remote than her previous petition, filed while she was a co-owner. Damages or compensation for use and occupation are recoverable at law, not in equity. Equity has jurisdiction over accounting between tenants in common, including accounting for rents and profits collected by one co-owner from a tenant or realized from exclusive use and occupation of common property by the co-owner. *McLaughlin v. Barnum,* 31 Md. 425, 452, 453. Such accounting does not extend to claims for use and occupation by a single owner or one of several co-owners against a tenant.

On the questions (1) whether appellee's notices in September, 1944 were effective notice of termination of tenancy as to her one-half interest or ineffective notice of termination as to the whole, or both, and (2) if they were effective, what is the measure of damages or compensation (if any) to which appellee is entitled, we intimate no opinion.

*Order reversed, with costs, and petition dismissed.*