Daniel B. BREWSTER, Jr., Plaintiff,

v.

**J. Michael BRENNAN, Defendant.**

**Civil No. JFM 08–1004.**

United States District Court,
D. Maryland.

July 24, 2008.

---

judgment that defendant "is prohibited from making any distributions or transfers of the Trust estate until such time as [plaintiff's] rightful share of the Trust Estate is distributed to him in complete satisfaction of his rights" under the relevant agreements. (*Id.* ¶ 54.) Second, plaintiff requests that I order that defendant render an accounting of the Trust assets. (*Id.* ¶ 61.) Finally, alleging that defendant has breached his fiduciary duty as trustee, plaintiff requests $3,000,000 in damages and an order compelling defendant to distribute to plaintiff "his rightful share of the Trust estate." (*Id.* ¶ 72.) Defendant has moved to dismiss plaintiff's claims for lack of ripeness, and has moved to strike plaintiff's demand for a jury trial on the ground that plaintiff's claims are equitable in nature. (Def.'s Mem. at 2.) For the reasons that follow, I will grant defendant's motion to dismiss, and accordingly deny his motion to strike as moot.

Benjamin Rosenberg, David Matthew Wyand, Rosenberg Martin Greenberg LLP, Baltimore, MD, for Plaintiff.

Dale P. Kelberman, Tessa Laspia Frederick, Miles and Stockbridge, Baltimore, MD, for Defendant.

## MEMORANDUM OPINION

J. FREDERICK MOTZ, District Judge.

Plaintiff Daniel B. Brewster, Jr., a beneficiary of the estate of former Senator Daniel B. Brewster ("the Senator"), has brought suit against defendant J. Michael Brennan, the successor trustee to the Senator's trust and executor of the Senator's will and estate. (*See generally* Compl.) The suit contains three counts. (*Id.* ¶¶ 45–72.) First, plaintiff seeks a declaratory

## I.

The facts, as alleged in plaintiff's complaint, are as follows. There are two agreements relevant to this litigation. The first is a 1967 Property Settlement Agreement ("1967 Agreement"), which confirmed the separation of the Senator and his first wife, Carol deHavenon, and settled questions as to their respective property rights and the support of their two children, plaintiff and Gerry Brewster. (Compl.¶¶ 6–7, Ex. A.) The second is the Senator's 2006 Amended and Restated Revocable Trust Agreement (the "Trust"), which named defendant as successor trustee upon the Senator's death.[1] (*Id.* ¶ 17, Ex. B.) The Trust expressly states that the trustee "shall abide by the terms of the [1967 Agreement], and if any provision of the Trust Agreement is inconsistent with

1. The Senator died on August 19, 2007. (Compl.¶ 25.)

the [1967 Agreement], the terms of the [1967 Agreement] shall control." (*Id.* Ex. B, Item Third ¶ B.5.)

The 1967 Agreement provided that the Senator "shall make and keep in full force and effect until his death a will bequeathing and devising to the two children equally not less than one-half (½) of his entire estate." (*Id.* Ex. A ¶ 6.) The 1967 Agreement stated further that the Senator "shall have the right to change such will in the event other children are born to him to provide that such children shall share per capita in said one-half interest in his estate." [2] (*Id.*) In signing the 1967 Agreement, the Senator "further agree[d] not to make any gifts or transfers of capital assets (whether real or intangible personal property) for less than adequate consideration (other than to the two children of the parties) which would materially diminish the inheritance that he agrees to provide his children by Will made in accordance with this Paragraph." (*Id.*)

The Trust provides a specific order of payments to be made upon the Senator's death. First, defendant is directed to pay out certain sums from the Trust estate related to the cost of administering the Senator's estate, funeral expenses, and outstanding debts. (*Id.* Ex. B, Item Third ¶ A.) Second, defendant must pay and distribute to each of the Senator's five children one-tenth of the Trust estate, "augmented as provided below." (*Id.* ¶ B.2.a.) Specifically, the value of the Trust estate shall be increased by the value at the Senator's death (1) "of any gifts or transfers of capital assets (whether real or intangible personal property) for less than adequate consideration (other than to Ger-

ry L. Brewster or [plaintiff]) which would materially diminish the inheritance of the [Senator's] children," [3] and (2) "of any interest of the [Senator] in joint property (specifically including property held as tenants by the entirety) or other non-probate transfers outside of this trust, such as life insurance, annuities, retirement arrangements and similar contractual arrangements." (*Id.* ¶ B.2.b.(1)-(2).)

Third, "[defendant] shall continue to hold and administer the trust estate remaining after making all payments and distributions required to be made under ITEM THIRD of this Trust Agreement … as follows: A. If the [Senator's] wife [Judy Brewster] survives the [Senator], the balance of the trust estate shall be the 'marital share,' which shall be held in a separate trust known as 'Judy's Trust.'" (*Id.* Ex. B, Item Fourth ¶ A.) Item Fourth of the Trust directs defendant, "[a]ccounting from the time of the [Senator's] death," to "pay the entire net income from the Judy's Trust to the [Senator's] wife, JUDY L. BREWSTER, for and during her lifetime." (*Id.* ¶ C.1.) Further, it directs defendant to "pay to the [Senator's] wife such amounts from the principal of Judy's Trust as the disinterested Trustee may deem advisable to provide for her maintenance and support in accordance with her accustomed standard of living and her medical, dental, hospital and nursing expenses and expenses of invalidism." (*Id.* ¶ C.3.) Finally, Item Fourth provides that "the [Senator's] wife shall have the right to withdraw from the principal of Judy's Trust such amounts as she may direct [defendant] in writing, not exceeding the

---

2. Because the Senator had three additional children with his second wife, Judy Brewster, the Trust provides that each of the Senator's five children is entitled to one-tenth (1/10) of the Senator's estate. (Compl. Ex. B, Item Third ¶ B.1.)

3. Paragraph B.2.b.(1) was presumably included in the Trust to abide by the terms of Paragraph 6 of the 1967 agreement, quoted *supra*.

aggregate in any such calendar year the sum of five percent (5%) of the value of the principal of Judy's Trust...." (*Id.* ¶ C.2.)

Plaintiff alleges that the Senator made numerous gifts or transfers of capital assets for less than adequate consideration (other than to Gerry L. Brewster or plaintiff) which would materially diminish the inheritance of the Senator's children, and thus whose value must be added back to the Trust estate before payments and distributions are made to the Senator's children or Judy Brewster ("Judy"). (Compl.¶¶ 26–42.) On September 24, 2007, plaintiff made several document production and accounting requests of defendant. (*Id.* Ex. C.) On October 12, 2007, defendant responded with a letter "confirm[ing] that no distributions will be made from the Trust or the Estate at this time, except for payment of estate-related expenses (cremation, memorial services, etc.) and for the distribution of amounts available to Judy on an ongoing basis pursuant to Item Fourth, Paragraph (C)." (*Id.* Ex.D.)

## II.

In *Bell Atlantic Corp. v. Twombly*, —— U.S. ——, ——, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), the Supreme Court held that, in order to survive a motion to dismiss, a plaintiff must plead plausible, not merely conceivable, facts in support of his claim. The complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 1965. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1960. In considering a motion to dismiss, a court must "accept the factual allegations

of the complaint as true and must view the complaint in the light most favorable to the plaintiff." *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir.2001).

## III.

### A.

Plaintiff seeks declaratory judgments as to three alleged disputes concerning the interpretation of the Trust and the 1967 Agreement. First, plaintiff alleges that under these agreements, any gift the Senator has given to plaintiff or plaintiff's sister, Gerry Brewster, "must be equally given to the other child" by compensating that child when making distributions from the Trust. (Compl.¶ 49.) Second, plaintiff contends that the Senator has violated the 1967 Agreement by making numerous transfers to the three children of his second wife, and thus the Trust requires that these improper transfers be added back to the value of the estate before the shares are distributed to the five children. (*Id.* ¶ 50.) Third, plaintiff submits that the Trust does not permit defendant to make any distributions to Judy until defendant has calculated the value of the Trust estate. (*Id.* ¶ 51.)

Defendant argues that plaintiff's requests for declaratory judgment must be dismissed because they are not ripe. (Def.'s Mem. at 2.) "A ripeness review consists of inquiries into the fitness of the issues for judicial decision and the hardship to the parties of with-holding court consideration." *Retail Indus. Leaders Ass'n v. Fielder*, 475 F.3d 180, 188 (4th Cir.2007) (internal citation omitted). "An issue is not fit for review if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur

at all."[4] *Id.* (internal citation omitted). Defendant contends that "[p]laintiff's basic complaint is that he *might* not receive the proper distribution from his father's estate." (Def.'s Mem. at 3 (emphasis in original).) Because defendant has not yet calculated the value of the Trust assets or what amount should be distributed to the respective beneficiaries, he submits that whether he has abided by the terms of the 1967 Agreement and the Trust cannot presently be determined. (*Id.* at 3–4.) According to defendant, only after these calculations are made will plaintiff's requests for declaratory judgment be ripe. (*Id.*)

I conclude that of the three alleged disputes plaintiff raises, the first two are not ripe, while the third is ripe. Because defendant has not yet calculated the value of the assets to be distributed under the provisions of the Trust and the 1967 Agreement, it cannot yet be determined whether defendant's interpretation of how much each of the five children is owed is in conflict with plaintiff's interpretation. Thus, the first two issues plaintiff raises—to what extent plaintiff should be compensated for the Senator's gifts to (1) Gerry Brewster and (2) the other three children—are not ripe for adjudication.

■ By contrast, the third issue—whether the Trust permits defendant to make distributions to Judy prior to calculating the value of the Trust estate—is ripe for adjudication. Defendant has already distributed or plans to distribute what he terms "amounts available to Judy on an ongoing basis pursuant to Item Fourth, Paragraph (C)." (Compl.Ex.D.) Indeed, Item Fourth, Paragraph (C) directs defendant to pay Judy such amounts as he deems advisable "to provide for her maintenance and support" and gives her the right to withdraw up to a certain amount of the principal of Judy's Trust. (*Id.* Ex. B, Item Fourth ¶ C.2.C.3.) Accordingly, defendant contends that it is proper for him to pay "a portion of her expected income from the Trust to pay for her living expenses and immediate needs pending a final calculation of all distributions." (Def.'s Mem. at 4.) Further, defendant argues that because Judy is entitled to "a much larger portion of the estate," plaintiff's one-tenth share of the estate will not be impaired by these payments. (*Id.* at 4–5.)

An earlier paragraph in Item Fourth of the Trust, however, raises doubt about whether defendant's current payments to Judy are proper. Item Fourth, Paragraph (A) states that defendant "shall continue to hold and administer the trust estate remaining *after* making all payments and distributions required to be made under ITEM THIRD of this Trust Agreement" in a separate trust known as "Judy's Trust." (Compl. Ex. B, Item Fourth ¶ A (emphasis added).) Because the payments and distributions required by Item Third have not yet been made, defendant's current payments to Judy from "Judy's Trust" are arguably improper.[5]

---

**4.** Contrary to defendant's contention (Def.'s Mem. at 3), federal ripeness law applies in federal court. In any event, the standard for ripeness under federal law is essentially identical to the standard under Maryland law. *See Boyds Civic Ass'n v. Montgomery County Council,* 309 Md. 683, 526 A.2d 598, 602 (1987) ("[A]n action for declaratory relief lacks ripeness if it involves a request that the court declare the rights of parties upon a state of facts that has not yet arisen, or upon a matter which is future, contingent and uncertain.") (internal citation omitted).

**5.** In contrast, defendant's payments of "estate-related expenses (cremation, memorial services, etc.)" (Compl.Ex.D), are clearly proper at this time under the terms of the Trust. (*See id.* Ex. B, Item Third ¶ A.)

 Notwithstanding the ripeness of this third issue, I will not entertain a declaratory judgment. Under the Declaratory Judgment Act, a federal court "may declare" the rights of interested parties.[6] 28 U.S.C. § 2201(a). As the Fourth Circuit has explained, "[t]his permissive language has long been interpreted to provide discretionary authority to district courts to hear declaratory judgment cases." *United Capitol Ins. Co. v. Kapiloff,* 155 F.3d 488, 493 (4th Cir.1998). Indeed, "district courts have great latitude in determining whether to assert jurisdiction over declaratory judgment actions." *Id.* (internal citations omitted). The Fourth Circuit has, however, provided guidance to district courts in exercising this discretion: a district court "should normally entertain" a declaratory judgment when the judgment (1) "will serve a useful purpose in clarifying and settling the legal relations in issue" and (2) "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Cont'l Cas. Co. v. Fuscardo,* 35 F.3d 963, 965 (4th Cir.1994).

 In the instant case, a declaratory judgment as to whether defendant's current distributions to Judy are proper will not serve a useful purpose in clarifying and settling the legal relations between the parties. Only defendant's calculation of the value of the assets to be distributed to the Senator's children—an issue that is not now ripe for adjudication—will serve this purpose, by clarifying how much plaintiff is owed. Further, nothing in the record gives rise to a reasonable inference that providing a portion of Judy's expected income from the Trust to pay for her living expenses and immediate needs pending a final calculation of all distributions will jeopardize plaintiff's one-tenth share of the Senator's estate.[7] Accordingly, issuing a

6. Contrary to defendant's contention (Def.'s Reply at 1–2), the Federal Declaratory Judgment Act governs in this Court. Federal courts sitting in diversity apply state substantive law and federal procedural law. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). "The Declaratory Judgment Act is a procedural statute that creates no substantive rights." *First Nationwide Mortgage Corp. v. FISI Madison, LLC,* 219 F.Supp.2d 669, 672 n. 1 (D.Md. 2002) (Nickerson, J.) (citing *Bourazak v. North River Ins. Co.,* 379 F.2d 530, 533 (7th Cir.1967)); *see also Jones v. Sears Roebuck & Co.,* No. 5:06–cv–345, 2007 WL 964401, at *2 (S.D.W.Va. March 28, 2007) (reaching the same conclusion).

7. I recognize that plaintiff makes the contention that "it is not at all clear under the terms of the Trust and the facts alleged in the Complaint that there will be sufficient assets to give the necessary distributions to the biological children *and* provide for some unspecified amount of distributions to Judy." (Pl.'s Opp'n at 3 (emphasis in original).) Plaintiff argues that after defendant completes the trust calculations, the Senator's children could each be entitled to more than one-tenth of the estate, thus diminishing Judy's share of the estate. (*Id.*) Plaintiff bases his contention on his interpretation of two provisions of the Trust. First, plaintiff submits that "under Item Third, Paragraph B.2.b, for purposes of calculating the one-tenth due to [plaintiff] and the other biological children under the Trust, [defendant] is required to increase the amount of the estate by the value as of the death of [the Senator] of all of the transfers made by [the Senator] in violation of the 1967 Agreement[,] . . . [having] the effect of increasing the portion of the estate to be distributed to the biological children and decreasing the portion of the estate to be distributed to Judy." (*Id.*) Second, plaintiff asserts that defendant "is required to make additional distributions to [plaintiff] equal to the present value of the gifts [the Senator] made to Gerry [Brewster] in violation of the 1967 Agreement, which also diminishes the amount left for distribution to Judy." (*Id.*)

Plaintiff's interpretation of these provisions is flawed, however. The Trust explicitly states that each of the Senator's five children is entitled to one-tenth of the trust estate. (Compl. Ex. B, Item Third

declaratory judgment that would enjoin Judy from receiving these payments would harm her without terminating the uncertainty of how much plaintiff is owed under the provisions of the Trust and the 1967 Agreement.

### B.

 Next, plaintiff asserts the right to an accounting of the Trust assets on the ground that defendant "has failed and refused to provide information relating to ... assets in the Trust, transfers by the Trust and/or [the Senator] during his lifetime, the calculations that must be performed pursuant to the Trust, and the amount that is to be distributed to [plaintiff]." (*Id.* ¶¶ 60–61.) A "trustee is under a duty to the beneficiary to keep and render clear and accurate accounts with respect to the administration of the trust." Restatement (Second) of Trusts § 172 (1959). An accounting "may be had ... where there is a confidential or fiduciary relation between the parties, and a duty rests upon the defendant to render an account." *P.V. Props., Inc. v. Rock Creek Village Assocs. Ltd. P'ship,* 77 Md.App. 77, 549 A.2d 403, 409 (1988) (citing *Nagel v. Todd,* 185 Md. 512, 45 A.2d 326, 328 (1946)). As to when such a duty exists, the Maryland Court of Special Appeals has explained:

> The beneficiary is entitled to demand of the trustee all information about the trust and its execution for which he has any reasonable use.... If the beneficiary asks for relevant information about the terms of the trust, its present status, past acts of management, the intent of the trustee as to future administration,

or other incidents of the administration of the trust, and *these requests are made at a reasonable time and place* ..., it is the duty of the trustee to give the beneficiary the information for which he has asked.

*Jacob v. Davis,* 128 Md.App. 433, 738 A.2d 904, 911–12 (1999) (internal citation omitted) (emphasis added).

Defendant concedes that plaintiff has a right to an accounting, but contends that plaintiff's claim for an accounting has not accrued. (Def.'s Reply at 3.) Defendant argues that a court order directing an accounting is not necessary because he has "already agreed to provide this information when it becomes available." (*Id.*) Indeed, in response to plaintiff's September 2007 letter requesting copies of documents and accountings related to the Trust (Compl.Ex. C), defendant explained in an October 2007 letter that "none of the accountings you have requested in paragraph[s] 3–8 of your September 24 letter have been calculated at this time" and promised to "notify" plaintiff when he completed the calculations. (*Id.* Ex.D.)

I conclude, therefore, that an order directing defendant "to fully and truthfully account" for the Trust assets (*Id.* ¶ 61) is currently unnecessary, and thus that plaintiff's claim for an accounting is premature. If defendant does not complete his calculations within a reasonable time, or does not provide plaintiff with an accounting after completing his calculations, an order requiring an accounting might then be appropriate.

### C.

 Finally, plaintiff alleges that defendant has breached his fiduciary obli-

---

¶ B.2.a.) The increases set forth in the provisions plaintiff cites would augment the *entire* trust estate, not an individual child's share (*see id.*), and thus would also increase Judy's share of the estate. Therefore, it

appears implausible to argue that payments for Judy's living expenses and immediate needs pending a final calculation of all distributions will put plaintiff's inheritance at risk.

gations to plaintiff by making distributions of Trust estate assets, "including distributions or transfers to Judy," before determining the value of the Trust estate and distributing plaintiff's "rightful share of the Trust estate." (*Id.* ¶ 70.) Defendant argues, however, that this claim is not ripe because only after he completes his calculation of the Trust assets and distributes the assets to the beneficiaries will a justiciable controversy possibly exist. (Def.'s Mem. at 6.) As discussed *supra,* because there is no evidence indicating that plaintiff's inheritance will be jeopardized by the current distributions to Judy for her living expenses and immediate needs, I conclude that plaintiff's breach of fiduciary duty claim is not ripe.

For the foregoing reasons, I grant defendant's motion to dismiss, and thus deny his motion to strike plaintiff's demand for a jury trial as moot. A separate order to that effect is being entered herewith.

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is, this 24th day of July 2008

ORDERED

1. Defendant's motion to dismiss is granted,

2. Defendant's motion to strike plaintiff's demand for a jury trial is denied as moot; and

3. This case is closed.